**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**John Wesley DeSHAZO,
Defendant-Appellant.**

**No. 77–5367
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Jan. 4, 1978.

* Rule 18, 5 Cir., *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Lucien B. Campbell, Fed. Public Defender, P. Joseph Brake, Asst. Fed. Public Defender, San Antonio, Tex., for defendant-appellant.

Jamie C. Boyd, U. S. Atty., LeRoy Morgan Jahn, W. Ray Jahn, Asst. U. S. Attys., San Antonio, Tex., for plaintiff-appellee.

Before GOLDBERG, CLARK and FAY, Circuit Judges.

PER CURIAM:

John Wesley DeShazo was convicted on a one count indictment charging him with violation of 18 U.S.C. § 876[1] for knowingly and intentionally causing to be delivered by the United States Postal Service a communication containing a threat to injure then Senator Walter Mondale. The district court imposed the maximum sentence of five years' imprisonment. DeShazo maintains that the district court erred in refusing to instruct the jury that it was necessary to find that the threat had been made with a "present intention" to do injury to the person threatened. We affirm.

On November 16, 1976, the Honorable Frank J. Barkin, United States Magistrate for the Western District of Texas, sitting in San Antonio, Texas, received a letter addressed to him from DeShazo. The letter, dated November 1, 1976, contained threats to kill Senator Robert Dole and then Senator, currently Vice-President of the United States, Walter Mondale.

DeShazo was subsequently located and placed under arrest by Special Agent Beatty of United States Secret Service. DeShazo admitted to Agent Beatty that he had written the letter, and that he had caused it to be placed in the mail. DeShazo stated, however, that he had no intention of harming anyone, and had written the letter because he wanted psychiatric help. Handwriting exemplars were also obtained from DeShazo at that time.

At trial, DeShazo elected to testify in his own behalf. He maintained that he did not then, or in the past, harbor any desire to harm or kill either Senator Robert Dole or then Senator Walter Mondale. He did admit that he had intended to communicate the threat, that he had written the letter, and that he caused it to be placed in the mail. The defense also presented the testimony of Stuart King, a house manager at the San Antonio Halfway House where DeShazo had lived for some six months in 1975, in an effort to establish that the defendant was a meek and nonviolent person.

In addition to the statements made by DeShazo at the time of his arrest, the Government presented the testimony of a handwriting expert that the exemplars obtained from DeShazo and the letter containing the threats had been prepared by the same person. It was also stipulated, for use solely as to the question of intent, that the defendant had been convicted on two prior occasions, March 14, 1968, and September 14, 1972, of the offense of threatening the President of the United States in violation of 18 U.S.C. § 871.

There are two essential elements necessary to prove a violation of 18 U.S.C. § 876: (1) that the defendant wrote a letter addressed to a certain person containing a threat to injure the person of the addressee or another; and (2) that the defendant knowingly caused the letter to be forwarded by the United States mail. *United*

1. 18 U.S.C. § 876 provides, *inter alia*, that: Whoever knowingly so deposits or causes to be delivered as aforesaid, any communication with or without a name or designating mark subscribed thereto, addressed to any other person and containing any threat to kidnap any person or any threat to injure the person of the addressee or of another, shall be fined not more than $1,000 or imprisonment nor more than five years, or both.

 

States v. Reynolds, 532 F.2d 1150 (7th Cir. 1976); Petschl v. United States, 369 F.2d 769 (8th Cir. 1966). See United States v. Lance, 536 F.2d 1065 (5th Cir. 1976). The defendant requested the district court to instruct the jury that it was also necessary to find that the threat had been made with the "present intention" to do injury to the person threatened.[2] The district court, however, refused to so instruct the jury.

DeShazo maintains that 18 U.S.C. § 871,[3] dealing with threats against the President or Vice-President of the United States, and 18 U.S.C. § 876 "are virtually identical and should, therefore, require the same standard of proof regarding the element of intent." It is DeShazo's contention that the holding of Fourth Circuit in United States v. Patillo, 438 F.2d 13 (4th Cir. 1971), that an essential element of guilt under 18 U.S.C. § 871 is "a present intention to do injury to the President," requires a finding of similar intent in prosecutions under 18 U.S.C. § 876. We have consistently declined to adopt the test used by the Fourth Circuit in cases arising under 18 U.S.C. § 871. United States v. Kirk, 528 F.2d 1057 (5th Cir. 1976); United States v. Hall, 493 F.2d 904 (5th Cir. 1974).

In view of the similarity between the two statutes, it would be incongruous to require the specific intent enunciated by the Patillo decision for a conviction under § 876, but not for a conviction under § 871. The evidence at DeShazo's trial established proof of the requisite elements of an offense under 18 U.S.C. § 876. Accordingly, the conviction is affirmed.

---

2. The requested instruction reads as follows:
   The crime charged in this case is a serious crime which requires proof of specific intent before the defendant can be convicted. Specific intent, as the term implies, means more than the general intent to commit the act. To establish specific intent the Government must prove that the defendant knowingly did an act which the law forbids, purposely intending to violate the law. The Government, in addition, must prove in this case that the defendant, at the time the act was done, had the present intention to do injury to the person threatened. Such intent may be determined from the facts and circumstances surrounding the case.
   An act is "knowingly" done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason. [Emphasis added]

3. 18 U.S.C. § 871 reads in part:
   (a) Whoever knowingly and willfully deposits for conveyance in the mail or for a delivery from any post office or by any letter carrier, letter, paper, writing, print, missive, or document containing any threat to take the life of or to inflict bodily harm upon the President of the United States, the President-elect, the Vice President or other officer next in the order of succession to the office of President of the United States, or the Vice President-elect, or knowingly and willfully otherwise makes any such threat against the President, President-elect, Vice President or other officer next in the order of succession to the office of President, or Vice President-elect, shall be fined not more than $1,000 or imprisoned not more than five years, or both.