**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Lin Edward DAVIS,**
**Defendant–Appellant.**

**No. 90–6135.**

United States Court of Appeals,
Tenth Circuit.

Feb. 22, 1991.

---

Susan M. Otto, Asst. Federal Public Defender, Oklahoma City, Okl., for defendant-appellant.

John E. Green, Asst. U.S. Atty. (Timothy D. Leonard, U.S. Atty., and Teresa Black, Asst. U.S. Atty., on the brief), Oklahoma City, Okl., for plaintiff-appellee.

Before LOGAN, McWILLIAMS and SEYMOUR, Circuit Judges.

LOGAN, Circuit Judge.

Defendant Lin Edward Davis was convicted following a jury trial of four counts of knowingly causing threatening communications to be delivered by the Postal Service, in violation of 18 U.S.C. § 876, and two counts of tampering with a witness, in violation of 18 U.S.C. § 1512(b)(3). On appeal, Davis argues that there was insufficient evidence presented at trial to support the jury's verdict. Specifically, Davis contends that the government failed to prove authorship of two threatening letters delivered to two federal judges and asserts that the communications directed at his ex-wife and other parties were devoid of "the essential ingredient of coercion by threat of force or intimidation," Appellant's Brief at 10, or do not constitute "true threat[s]." *Id.* at 12.

■ Davis' first argument concerns his conviction for threatening two federal judges through the mail. Davis contends that his conviction must be vacated because the government failed to prove he authored the letters, which he asserts is an essential element of this crime. Davis relies upon several circuit court cases which list "that the defendant wrote a threatening letter" as an element of the crime. *See, e.g., United States v. Lincoln,* 589 F.2d 379, 381 (8th Cir.1979); *United States v. DeShazo,* 565 F.2d 893, 894–95 (5th Cir.), *cert. denied,* 435 U.S. 953, 98 S.Ct. 1583, 55 L.Ed.2d 804 (1978); *United States v. Reynolds,* 532 F.2d 1150, 1155 (7th Cir.1976); *United States v. Sirhan,* 504 F.2d 818, 819 (9th Cir.1974); *Petschl v. United States,* 369 F.2d 769, 770 (8th Cir.1966). In none of these cases was authorship an issue. In the only cases in which authorship as an element of the crime has been raised as an issue the courts have held that the government need not prove that the defendant wrote the threat. *See United States v. Blankenship,* 870 F.2d 326, 330–31 (6th Cir.1988), *cert. denied,* 489 U.S. 1068, 109 S.Ct. 1347, 103 L.Ed.2d 815 (1989); *United States v. Bloom,* 834 F.2d 16, 19 (1st Cir. 1987); *United States v. Stotts,* 792 F.2d 1318, 1323–24 (5th Cir.1986).

Davis was convicted pursuant to 18 U.S.C. § 876, which states in pertinent part:

"Whoever knowingly [deposits in any post office or authorized depository for mail matter] or causes to be delivered [by the Postal Service] any communication ... addressed to any other person and containing any threat to kidnap any per-

son or any threat to injure the person of the addressee or of another, shall be fined not more than $1,000 or imprisoned not more than five years, or both."

Section 876 on its face does not require proof that the defendant authored the threatening communications, only that he "knowingly deposits" or "knowingly causes" the Postal Service to deliver the threat. We agree with the *Blankenship*, *Bloom*, and *Stotts* courts that the government need only show that the defendant authorized or knowingly caused the threatening material to be delivered. Requiring proof of authorship would allow an individual to avoid prosecution under the statute simply by having someone else write the letter. Accordingly, under the standard stated in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the issue becomes whether there was sufficient evidence presented at trial to allow a trier of fact to find beyond a reasonable doubt that Davis authorized or knowingly caused the threatening letters to be delivered to the judges.

■ The evidence in the record easily supports the convictions. A handwriting expert testified that the addresses on the envelopes containing the threatening letters were written by Davis. Two of Davis' acquaintances, Patty Raba and Tramale Jones, testified that they mailed the letters at Davis' request. The letters purported to be signed by two people with whom Davis was very unhappy, Sherry Denison, his ex-wife, and Minneta Denison, his former mother-in-law. The handwriting on the letters appeared to have been copied or traced from letters Davis received from the Denisons. Davis' attempts to cover up, by requesting or demanding that Raba and Jones deny that Davis asked them to mail any letters, also supports the inference the jury made that Davis was the source of the threats.

■ We also hold that the government satisfied the *Jackson* standard for Davis' convictions for intimidating witnesses. The section under which Davis was convicted makes it a crime for anyone to knowingly threaten another person with intent to "hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense." 18 U.S.C. § 1512(b)(3). The record shows that Davis threatened Patty Raba and Tramale Jones when they refused to help him fabricate exculpatory evidence and began cooperating with the FBI's investigation into the letters to the judges. Among other evidence Davis' letters to Raba stated that anyone who turned on him regretted it and that one of his "guys" would come looking for Jones and "hiding won't be any good." R. II 53. Furthermore, Davis threatened Raba indirectly and threatened his ex-wife directly and in letters to Raba, stating that "she won't live to see the year out," "she's only got eight months," and that "I'm coming after her personally and don't care who I must go through." *Id.* at 44–45 and 52; Govt. exh. 38. This and other evidence in the record sufficiently supports the jury's finding that Davis knowingly used threats with intent to hinder, delay, or prevent Raba and Jones, as well as Denison, from cooperating with the FBI.

AFFIRMED.