UNITED STATES of America,
Plaintiff-Appellee,

v.

Eugene SHERBAK, Defendant-
Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

John Douglas SALIH, Defendant-
Appellant.

Nos. 91–8128, 91–8130
Summary Calendars.

United States Court of Appeals,
Fifth Circuit.

Jan. 8, 1992.

Randy T. Leavitt, Scott A. Young, Minton, Burton, Foster & Collins, Austin, Tex., for Eugene Sherbak.

Charles O. Grigson, Austin, Tex., for John Douglas Salih.

LeRoy M. Jahn, Mark R. Stelmach, Asst. U.S. Attys., Ronald F. Ederer, U.S. Atty., San Antonio, Tex., for U.S.

Before JONES, DUHÉ and WIENER, Circuit Judges.

PER CURIAM:

In these consolidated Sentencing Guideline appeals, Plaintiffs–Appellants, Eugene Sherbak and John Douglas Salih, who were convicted following guilty pleas to several related drug violations, complain that the district court failed to make explicit factual findings on the record regarding the quantity of marijuana for which Defendants–Appellants could be held responsible for purposes of calculating their respective base offense levels. Salih makes a similar complaint concerning the district court's failure to reduce his base offense level for acceptance of responsibility. Sherbak and Salih also raise a constitutional question regarding the guidelines, and Salih complains about denial of an adjustment to his offense level for acceptance of responsibility. Finding no merit in the constitutional issue raised for the first time on appeal or for either of Salih's complaints regarding acceptance of responsibility, we affirm on those points. But as to the complaints that the district court failed to comply with the provisions of Fed.R.Crim.P. 32, requiring under the circumstances of this case that the district court make explicit findings regarding the quantity of drugs involved, we discern a difference between the defendants' respective situations, leading us to affirm Salih's sentence but to vacate Sherbak's sentence and remand his case for resentencing.

## I

### FACTS AND PROCEEDINGS

Sherbak and Salih, along with co-defendant Tommy Joe Moore, were indicted for conspiracy to possess with intent to distribute more than 100 kilograms of marijuana and possession with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Sherbak and Salih pleaded guilty to superseding informations charging them with conspiracy to possess with intent to distribute less than 50 kilograms of marijuana. Each was sentenced to 60 months' imprisonment and five years' supervised release. Each timely filed a notice of appeal.

Sherbak and Salih stipulated the factual basis to having purchased 110 pounds of marijuana for $85,000 from DEA special agent Larry Lamberson on September 5, 1990. They also stipulated that their co-defendant, Moore, met with Lamberson to negotiate a marijuana purchase on September 4, 1990, and that Moore told Lamberson that others would be involved in the transaction. They further admitted that Moore introduced them to Lamberson and another agent on September 5, and that all three defendants discussed purchasing quantities of marijuana from Lamberson.

The probation officer calculated a base offense level of 28 for Sherbak and Salih, based on 1,500 pounds of marijuana. That figure was contained in information provided by agent Lamberson, who advised that the transaction was actually for 1,500 pounds of marijuana, and that 115 pounds were sold only as a sample. The probation officer also recommended against granting a reduction for acceptance of responsibility for both Sherbak and Salih.

Sherbak and Salih filed written objections to their presentence investigation reports (PSRs), objecting to the consideration of 1,500 pounds in calculating their base offense levels, and to the recommendation against reduction for acceptance of responsibility. The court granted Sherbak three

points [1] for acceptance of responsibility, and determined that his offense level was 26. In Salih's case, the court adopted the probation officer's report and assessed an offense level of 28. But as their respective offense levels of 26 and 28 would in both cases produce minimum sentence ranges under the guidelines greater than the statutory maximum of 60 months, the district court sentenced both to 60 months. We note that if the district court had limited its consideration to only the 110 pounds (49.90 kg) that they admitted to buying, Sherbak's base offense level before adjustment for acceptance of responsibility would have been 20, or 18 with that adjustment, giving a guidelines range of 41–51 months; and that Salih's offense level would have been 20, giving a guidelines sentencing range of 37–46 months.

## II

## ANALYSIS

### A. *Failure to Make Explicit Factual Findings*

#### 1. Quantity of Marijuana

Both Sherbak and Salih contend that the court failed to make explicit findings regarding the amount of marijuana with which they were involved. They argue that Fed.R.Crim.P. 32(c)(3)(D) requires the court to make an explicit finding, on the record, of the amount of marijuana upon which their sentences were based, that the court failed to do this, and that, therefore, their sentences should be vacated and their cases remanded for factual findings.

■ The Sentencing Guidelines provide that the court "shall resolve disputed sentencing factors in accordance with Rule 32(a)(1), Fed.R.Crim.P....." U.S.S.G. § 6A1.3(b), p.s. We have recently discussed the importance of Rule 32 to the sentencing process in serving the "twin goals of obtaining a fair sentence based on accurate information and obtaining a clear record of the resolution of disputed facts."

*United States v. Hooten,* 942 F.2d 878, 881 (5th Cir.1991). Rule 32(c)(3)(D) "requires the court either to make specific findings as to all contested facts contained in the PSR that the court finds relevant in sentencing, or determine that those facts will not be considered in sentencing." *Id.*

The PSR stated that Sherbak and Salih had been involved in negotiations for 1,500 pounds of marijuana, and that the 115 (approximately) pounds that they actually purchased was a sample of the larger quantity to be purchased at a later date. Sherbak and Salih flatly denied that they ever intended to buy 1,500 pounds of marijuana. They claimed that they intended to buy only the 110 pounds that they stipulated to in the factual basis for their plea agreements. A factual dispute thus existed regarding a factor important to the sentencing determination. Rule 32 required the district court to resolve this factual dispute with specific findings.

In Sherbak's case, the court found that "it is 200 pounds of marijuana which is properly used to determine the base offense level and that the total amount of marijuana negotiated for can be considered under Defendant's relevent (sic) conduct." The court determined his offense level to be 26. In Salih's case, the court determined that it would "adopt the Probation Officer's report and assess the applicable guidelines as follows: Total offense level, twenty-eight...."

■ "Where there are disputed facts material to the sentencing decision, the district court must cause the record to reflect its resolution thereof, particularly when the dispute is called to the court's attention." *United States v. Warters,* 885 F.2d 1266, 1271–73 (5th Cir.1989). In *Warters,* the defendant pleaded guilty to misprision of felony, namely, a conspiracy to possess with intent to distribute 20 pounds of marijuana. The PSR used 500 pounds of marijuana allegedly involved in the conspiracy to calculate Warter's offense level, even though he took the position that he only

---

1. We assume that this is a typographical error because reduction for acceptance of responsibility is limited to two points, and Sherbak's offense level was actually reduced only two points, from 28 to 26. *See* U.S.S.G. § 3E1.1(a).

knew about 20 pounds. The district court did not make any finding concerning the amount of marijuana Warters had knowledge of or was involved with. We remanded and instructed the district court to determine expressly not only the actual amount involved in the entire conspiracy, but also the amount that the defendant knew or should have known or foreseen was involved. *Id.* at 1273. *See also United States v. Burch,* 873 F.2d 765, 767–68 (5th Cir.1989) (Failure to comply with Rule 32 by not making explicit factual finding of quantity of drugs despite specific objection by defendant required remand for resentencing.)

■ Although here the district court did make a specific finding of 200 pounds for Sherbak, the basis for this finding is unclear. The court stated that the total amount negotiated could be considered, but made no factual finding as to what amount was negotiated. The actual sale was for only 115 pounds, give or take five pounds.

■ The district court made no finding of fact whatsoever regarding the amount of marijuana used to determine the offense level in Sherbak's case. We believe that *Warters* and *Burch* require that Sherbak's sentence be vacated and his case remanded for factual findings as to the disputed amount of marijuana that can be properly considered in determining his offense level. In Salih's case, however, the district court expressly adopted the facts set forth in his PSR. In so doing the court, at least implicitly, weighed the positions of the probation department and the defense and credited the probation department's facts. Rule 32 does not require a catechismic regurgitation of each fact determined and each fact rejected when they are determinable from a PSR that the court has adopted by reference.

## 2. Acceptance of Responsibility

■ Salih also contends that the court's statements at sentencing made it impossible to know whether the court concluded that he deserved a sentence reduction for acceptance of responsibility.

The PSR recommended against a reduction for acceptance of responsibility. The PSR noted that although Salih had pleaded guilty, he made only limited truthful admissions of his involvement in the offense and related conduct. Salih denied that he was involved in a transaction for 1,500 pounds of marijuana, although DEA agent Lamberson stated that he discussed the deal for 1,500 pounds with Salih. Salih refused to discuss any previous drug trafficking activity in which he may have been engaged. He refused to discuss the large quantities of cash retrieved from the trunk of his car. He committed the instant offense while under state supervision for a previous drug offense, indicating that he had not voluntarily terminated or withdrawn from criminal conduct or associations. Salih argued in his objections to the PSR that he had always been willing to discuss the 110 pound purchase to which he pleaded guilty. He denied that he made only limited truthful admissions of his involvement in the offense.

While Salih did make objections to the PSR's recommendation that he not get a reduction for acceptance of responsibility, he did not put any particular facts in dispute, except for his bald denial that he was involved with 1,500 pounds of marijuana. The majority of his objections did not challenge any facts, but merely challenged the conclusions of the probation officer that Salih was not as forthcoming with information as he should have been to deserve the credit. Salih was obviously involved in other drug activity, as his criminal record shows, but he refused to discuss it. He did not challenge the fact that he had a large quantity of money in his car which he refused to explain. He offered no rebuttal evidence to refute any of the facts as set forth in the PSR.

■ The district court did not make a specific statement on the record that it was refusing to grant the reduction; however, the court did state that it was adopting the PSR which had recommended against such a reduction. When a defendant objects to his PSR but offers no rebuttal evidence to refute the facts, the district court is free to

adopt the facts in the PSR without further inquiry. *United States v. Mir,* 919 F.2d 940, 943 (5th Cir.1990). By assigning Salih an offense level of 28, the court obviously adopted the finding of the PSR that Salih had not demonstrated his acceptance of responsibility. No further statement by the court was necessary for an appellate court to determine the district court's finding on this issue.

B. *Adequate Evidentiary Basis*

Sherbak and Salih also claim that there was an inadequate evidentiary basis for the court to have considered the 1,500 pounds of marijuana in sentencing them. Sherbak and Salih contest the implicit (see IIA.1. above) finding by the district court that they were involved in the purchase of 1,500 pounds of marijuana.

■ The Sentencing Guidelines provide that "[i]n resolving any reasonable dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3(a), p.s. A presentence report generally bears sufficient indicia of reliability to be considered as evidence by the trial judge in making the factual determinations required by the Sentencing Guidelines. *United States v. Alfaro,* 919 F.2d 962, 966 (5th Cir.1990).

■ A factual finding that a defendant has been involved in the purchase of quantities of drugs greater than those for which he has been convicted will be reversed only if clearly erroneous. If quantities of drugs outside the offense of conviction are considered in calculating the offense level, they must be supported by a preponderance of the evidence. *United States v. Thomas,* 932 F.2d 1085, 1091 (5th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 264, 116 L.Ed.2d 217 (1991); *Mir,* 919 F.2d at 943.

■ The facts contained in Sherbak's and Salih's PSRs regarding the 1,500 pounds of marijuana were based on the probation officer's interview with DEA agent Lamberson. He personally participated in the reverse sting operation. The PSRs indicate that Lamberson met with co-defendant Tommy Moore on September 4, 1990, for the purpose of discussing the potential purchase of 1,500 pounds of marijuana. Lamberson produced and delivered to Moore a sample of approximately 115 pounds. Moore told Lamberson that others would be involved in the transaction. Moore telephoned his local buyers. The purchase was scheduled to take place later that day or the next.

On September 5, Moore, Sherbak, and Salih arrived at the place where delivery was to take place. Moore introduced Sherbak and Salih to the undercover agents. Moore was the middleman who connected Sherbak and Salih, as buyers, with the agents, as sellers. Moore, Sherbak, and Salih all participated in conversations concerning the purchase of 1,500 pounds of marijuana.

One of the DEA agents met with Moore in the garage, while the other DEA agent met with Sherbak and Salih in the residence. That DEA agent showed the 115 pounds of marijuana to Sherbak and Salih, and they discussed bag weight and agreed on a price. Salih retrieved $85,000 cash from his car and gave it to the agents. There were additional discussions between Sherbak and Salih on the one hand and the agents on the other, concerning buyers that Sherbak and Salih knew from New York and Florida who would be purchasing additional quantities of marijuana later. Salih offered to buy 500 pounds of marijuana every two weeks. After the marijuana was loaded in Salih's car, the agents arrested both men. The agents confiscated pagers from Sherbak and Salih that registered over two dozen calls from marijuana buyers in New York and Florida that day.

Sherbak and Salih complain that the facts in the PSR are unreliable because they are based on out of court, unsworn statements by DEA agents, uncorroborated by audio or videotape. They deny any assertions by the agent regarding conversa-

tions of 1,500 pounds of marijuana. But they did not present any affidavits or testimony in support of their version of the facts. That they deny the facts in the PSR does not mean that the PSR is unreliable. Such denial does, however, create a credibility question for the judge to decide—whether he believes the unsworn report of the DEA agent who took part in the reverse sting, as related to the probation officer who prepared the PSR, or the unsworn and unsupported assertions of the defendants. *See Alfaro,* 919 F.2d at 967.

Furthermore, contrary to the defendants' arguments, the PSR is not the only evidence in the record to support the finding that they were involved in the plan to purchase 1,500 pounds of marijuana. In a sworn criminal complaint, Agent Lamberson stated that Sherbak, Salih and Moore told him that they would purchase 1,500 pounds. Agent Lamberson also testified at Sherbak's and Salih's detention hearing that both were involved in negotiations for 1,500 pounds. This testimony was under oath and subject to cross examination by defendants' attorneys. The transcript of the detention hearing was filed in the record.

 Salih argues that this court should not consider the transcript of the detention hearing to be part of the appellate record. But he cites no Fifth Circuit authority for such a proposition, and we find no logical reason why we should not consider that transcript.

We believe that the record evidence of Salih's involvement with 1,500 pounds of marijuana is reliable and sufficient to support the district court's finding. But, as the quantity of drugs that the district court found applicable to Sherbak has no basis in this evidence, Fed.R.Crim.P. 32 and our prior jurisprudence leave us no choice but to vacate Sherbak's sentence and remand his case so that the district court may articulate such findings if it views the record as do we.

## C. *Sentencing Authority and Fundamental Fairness*

For the first time on appeal, Sherbak and Salih argue that the sentencing commission exceeded the authority granted to it by Congress when it drafted guidelines allowing the consideration, for sentencing purposes, of conduct for which the defendant was not convicted. They argue that this also violates principles of fundamental fairness. These arguments were not made to the district court.

 We have stated repeatedly that "issues raised for the first time on appeal 'are not reviewable by this Court unless they involve purely legal questions and failure to consider them would result in manifest injustice.'" *United States v. Garcia–Pillado,* 898 F.2d 36, 39 (5th Cir.1990) (quoting *Self v. Blackburn,* 751 F.2d 789, 793 (5th Cir.1985)) (other citation omitted). The arguments raised are legal issues, but failure to consider them would not result in manifest injustice. Constitutional challenges to the Sentencing Guidelines have been repeatedly rejected. *See Mistretta v. United States,* 488 U.S. 361, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989); *United States v. White,* 869 F.2d 822 (5th Cir.), *cert. denied,* 490 U.S. 1112, 109 S.Ct. 3172, 104 L.Ed.2d 1033 (1989).

## D. *Acceptance of Responsibility*

Salih contends that the district court's lack of findings makes it impossible to determine whether it did in fact determine that he had accepted responsibility. But, presumably assuming in the alternate that the court denied a reduction for acceptance of responsibility, Salih complains that the district court erred in failing to grant him a two-point reduction in his offense level for such acceptance.

The Sentencing Guidelines provide for a two-level reduction in the offense level "[i]f if the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct...." U.S.S.G. § 3E1.1(a). The Sentencing Guidelines make clear, however, that "[a] defendant who enters a guilty plea is not entitled to a sentencing reduction under this section as a matter of right." U.S.S.G. § 3E1.1(c). *See also*

*United States v. Villarreal*, 920 F.2d 1218, 1224 (5th Cir.1991).

 Whether a defendant has accepted responsibility for his crime is a factual question, entitled to the protection of the clearly erroneous standard. *United States v. Thomas*, 870 F.2d 174, 176 (5th Cir.1989). Because the trial court's assessment of a defendant's contrition depends heavily on credibility assessments, this standard of review will nearly always sustain the judgment of the district court. *Id.* The defendant bears the burden of proving that he is entitled to the reduction. *Villarreal*, 920 F.2d at 1224.

The probation officer recommended against the reduction because Salih had not fully admitted his involvement in drug activities. He pleaded guilty to the purchase of the 110 pounds of marijuana, but would not discuss his other drug activity, either contemporaneous or in the past. The district court adopted the findings of the PSR.

The district court was not clearly erroneous in not finding that Salih had accepted responsibility for his crime. He was less than candid with the probation officer about his other drug activities, even in the face of overwhelming evidence of his involvement in such activities.

### III

### CONCLUSION

Because we have held that, under circumstances such as those now before us, Fed.R.Crim.P. 32 requires the sentencing court to make explicit findings of fact, on the record, of the quantity of drugs upon which the sentence imposed is based, we have no option but to vacate Sherbak's sentence and remand his case to the district court for resentencing in compliance with Rule 32. Not so in Salih's case, however, wherein we find that the district court's adoption of the PSR's conclusion as to the contested quantity of drugs was sufficient to satisfy the requirements of Rule 32. We find no reversible error in the remaining issues proffered by either appellant regarding their sentences. The sentence imposed on Salih is AFFIRMED; the sentence imposed on Sherbak is VACATED and his case is REMANDED for resentencing consistent with this opinion.