## UNITED STATES of America, Plaintiff–Appellee,

v.

## Norman Ralph HENDERSON, Defendant–Appellant.

### No. 91–10320.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 11, 1992.

Decided April 14, 1992.

Glynn B. Cartledge, Reno, Nev., for defendant-appellant.

Brian L. Sullivan, Asst. U.S. Atty., Reno, Nev., for plaintiff-appellee.

Before: BOOCHEVER, BEEZER, and TROTT, Circuit Judges.

BOOCHEVER, Circuit Judge:

Norman Ralph Henderson appeals his conviction for mailing a threatening communication, in violation of 18 U.S.C. § 876. Henderson argues that the district court should have dismissed his indictment because the indictment did not allege that he wrote the threatening letter. Since 18 U.S.C. § 876 does not require that the defendant write the threatening communication, we affirm his conviction.

## BACKGROUND

On March 9, 1990, a woman with the initials of C.D. received an anonymous letter through the mail threatening her with

physical harm. The letter threatened in vulgar terms to mutilate and to kill her. C.D. turned over the letter to the Federal Bureau of Investigation (F.B.I.). The F.B.I. found Henderson's fingerprints on the letter and the envelope. At the time Henderson was indicted, the authorship of the letter was unknown. Subsequently, however, the F.B.I. determined that the handwriting on the letter was Henderson's.

On August 28, 1990, a federal grand jury indicted Henderson for mailing a threatening communication, in violation of 18 U.S.C. § 876. Henderson moved to dismiss the indictment, alleging that it failed to charge an essential element, namely, that he had written the threatening letter. The district court denied this motion. Citing *United States v. Blankenship*, 870 F.2d 326 (6th Cir.1988), *cert. denied*, 489 U.S. 1068, 109 S.Ct. 1347, 103 L.Ed.2d 815 (1989), the court found that 18 U.S.C. § 876 does not require that the defendant write the letter. Henderson subsequently entered a conditional guilty plea pursuant to Fed. R.Crim.P. 11(a)(2), whereby he reserved his right to appeal the denial of his motion to dismiss. On June 3, 1991, the court sentenced Henderson to eight months imprisonment. This timely appeal followed.

## DISCUSSION

Henderson argues that the district court erred in failing to dismiss his allegedly insufficient indictment. Because the indictment failed to charge that he wrote the letter, he claims the indictment omitted an essential element of 18 U.S.C. § 876. This issue presents a question of law requiring *de novo* review. *United States v. McConney*, 728 F.2d 1195, 1201 (9th Cir.) (en banc), *cert. denied*, 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).

18 U.S.C. § 876 (1988) provides, in relevant part:

Whoever knowingly so deposits [in any post office or authorized depository for mail matter] or causes to be delivered [by the Postal Service], any communication with or without a name or designating mark subscribed thereto, addressed to any other person and containing ... any

threat to injure the person of the addressee or of another, shall be fined not more than $1,000 or imprisoned not more than five years, or both.

The plain language of the statute does not support Henderson's position. As its title, "Mailing threatening communications," suggests, the statute only requires that a person knowingly mail the letter and that the letter contain a threat to injure another person. Nowhere does it state that an individual must *write* the threatening communication. Thus, the majority of circuits which have addressed this issue have held that 18 U.S.C. § 876 does not require that the defendant actually write the threatening letter. *See, e.g., United States v. Davis*, 926 F.2d 969, 970–71 (10th Cir.), *cert. denied*, — U.S. —, 111 S.Ct. 2036, 114 L.Ed.2d 121 (1991); *United States v. Blankenship*, 870 F.2d 326, 330 (6th Cir.1988), *cert. denied*, 489 U.S. 1068, 109 S.Ct. 1347, 103 L.Ed.2d 815 (1989); *United States v. Bloom*, 834 F.2d 16, 18–19 (1st Cir.1987); *United States v. Stotts*, 792 F.2d 1318, 1323–24 (5th Cir.1986). *But see Petschl v. United States*, 369 F.2d 769, 770 (8th Cir.1966) (stating that an element of the offense is that the defendant write the threatening letter); *United States v. Reynolds*, 532 F.2d 1150, 1155 (7th Cir.1976) (same).

Moreover, judicially engrafting an authorship element to Section 876, as Henderson urges this court to do, would undermine Congressional intent in enacting a statute to prohibit the mailing of threats. Such a requirement would allow "an individual to avoid prosecution under the statute simply by having someone else write the letter." *Davis*, 926 F.2d at 971. As the Fifth Circuit has observed, an individual who mailed threats by purchasing a prewritten extortion note or by cutting out letters from magazines and pasting them together might also escape liability, when there is "no indication that Congress intended to allow any of these modi operandi to defeat the application of the statute." *Stotts*, 792 F.2d at 1324.

Nonetheless, Henderson cites *United States v. Sirhan*, 504 F.2d 818 (9th Cir.

1974) (per curiam), for the proposition that writing the threatening communication is an essential element of 18 U.S.C. § 876. *Sirhan* states that 18 U.S.C. § 876:

> requires proof beyond a reasonable doubt of only two elements for conviction thereunder. First, the defendant must have written and mailed a letter (or other communication) containing a threat to injure another person. Secondly, he must have knowingly caused the letter to be deposited in the mails.

*Id.* at 819.

In *Sirhan,* however, the authorship of the letter was undisputed. Consequently, its recitation of writing as an element of the offense was unnecessary to its holding and hence, mere dicta. *See Ruff v. Sullivan,* 907 F.2d 915, 918 (9th Cir.1990) (" 'This panel is not bound by dicta from prior cases....' ") (quoting *United States v. Tsinnijinnie,* 601 F.2d 1035, 1038 (9th Cir.1979), *cert. denied,* 445 U.S. 966, 100 S.Ct. 1657, 64 L.Ed.2d 242 (1980)).

Accordingly, we hold that 18 U.S.C. § 876 does not require that the defendant write the threatening communication. Henderson's conviction is AFFIRMED.