2 F.3d 1159
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sadri MEROVCI, aka Sammy Sadri Merovci, Defendant-Appellant.
 No. 93-10046.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 21, 1993.*
Decided Aug. 4, 1993.
 
 Before BROWNING, TANG and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sadri Merovci appeals his conviction and sentence of 57 months, imposed following a jury trial, for three counts of mailing threatening communications in violation of 18 U.S.C. Sec. 876. Merovci claims the district court erred, first, by denying his motion for acquittal, and, second, by adjusting his offense level upward based upon the victim's vulnerability, pursuant to U.S.S.G. Sec. 3A1.1. We have jurisdiction under 28 U.S.C. Sec. 1291 and we affirm.
 
 A. Motion for Acquittal
 
 3
 We review the denial of a motion for acquittal under the same standard as we review challenges to the sufficiency of the evidence. United States v. Shirley, 884 F.2d 1130, 1134 (9th Cir.1989). Evidence is sufficient to support a conviction if, viewing " 'the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Mullins, 992 F.2d 1472, 1477 (9th Cir.1993) (quotation omitted). A violation of section 876 is complete when a person knowingly mails a letter which contains a threat to injure another person. United States v. Henderson, 961 F.2d 880, 881 (9th Cir.1992).
 
 
 4
 At Merovci's trial, the government introduced thirteen letters Merovci mailed from prison to his former girlfriend, Jennie Snyder, between June 1990 and June 1991. Merovci and Snyder had lived together briefly during the summer of 1988 until Snyder asked Merovci to move out. Snyder learned she was pregnant in July 1988, and in April 1989, she gave birth to a stillborn infant. In August 1989 Merovci battered Snyder badly enough that she reported it to the police. A month later, Snyder learned that Merovci had been arrested for gaming violations. In October 1989, she bailed him out of jail, and Merovci stayed with her until he was sentenced to state prison in December 1989. Snyder communicated with Merovci by telephone and letter until May 1990, when she stopped writing or accepting his collect calls.
 
 
 5
 The letters introduced at Merovci's trial contained the following statements: "Jennie please I don't wan to get out of here angry mad and crazy and then come and look for you and him and blow your [expletive deleted] heads off" (Exh. 3); "You better write me this time. I don't want to jump this fence and come to Reno and visit you one of these knights" (Exh. 6);
 
 
 6
 I don't know what in [expletive deleted] you think you doing But whatever it is you are being stupid bitch. Im sick and tired trying to get people to speak to you and are hiding out, there is no place for you to hide when I get out you better pray God every night just like Im.
 
 
 7
 That I don't get out of here one of these nights and come over pay you little visit and when I do its gong be all over for both of us I promise you.
 
 
 8
 I will makit here but you are gone pay for it. Just a matter of time I will be out you can't hide Bitch you know that. I will find you if it takes me the rest of my life I have never done anything wrong to you accsept give you my Love and my Respect All this chicken shit game you playing, thats very deadly game Im gona make you pay for this keep it up. Thats OK. You are having fun now but im gona have the last laugh. Enjoy it because it wont be for long. Treat me like piece of shit all you want to. I hoppe you are having fun because Im not.
 
 
 9
 I hate you you [expletives deleted]. You just keep hurtin me. Because Im gona hav the last fun. Its O.K. Dont send me money I dont want no money until I get out Im gona [expletive deleted] your world off. I lov to come back to prison just so I can [expletive deleted] your world off ...
 
 
 10
 Im gona get out again and send you somewhere where you never will com back ... I dont want to have reason to come over and visit you. Im gona do that anyway just for fun.
 
 
 11
 (Exh. 7); "I don't want to get out of here MAD Because if I do, we both gona Die"; (Exh 8); "Hey, slut, I change my mind! Im gonna fight deportation I much Die in U.S. prisons than be deported to Yugoslavia ... Caus Im gonna get out and you and your lover not gonna like it at all ... There is no place to hide ... Just can't wait to see you just one more time" (Exh. 11).
 
 
 12
 A senior correctional officer with the Nevada Department of Prisons testified that when she interviewed Merovci about his letters to Snyder, he became explosive and told her that if the letters caused him a refusal of probation or a longer sentence, it would go twice as hard on Jennie Snyder.
 
 
 13
 Merovci argues that, because his written threats were sprinkled amid endearments and declarations of endless love, they were too ambiguous to sustain his conviction. We disagree. A reasonable juror might have considered Merovci's vehement "love" obsessive, and concluded that this reinforced, rather than undermined, his threats. His conduct before the correctional officer was further evidence of his violent intentions. Accordingly, we uphold the district court's denial of Merovci's motion for acquittal. See Mullins, 992 F.2d at 1477.
 
 B. Vulnerable Victim Adjustment
 
 14
 Guidelines section 3A1.1 authorizes a two-level increase in the base offense level of a defendant who "knew or should have known that a victim of the offense was unusually vulnerable due to age, physical or mental condition, or that a victim was otherwise particularly susceptible to the criminal conduct." U.S.S.G. Sec. 3A1.1 We review for clear error the district court's conclusion that Snyder was a vulnerable victim. see United States v. Peters, 962 F.2d 1410, 1416 (9th Cir.1992). After considering "the characteristics of the defendant's chosen victim, the victim's reaction to the criminal conduct, and the circumstances surrounding the criminal act, [the district court] must then determine whether the defendant could reasonably have anticipated the victim's reaction." Id. at 1417.
 
 
 15
 At sentencing, the district court noted that Merovci had severely battered Snyder at least once, and concluded that Snyder exhibited "many of the characteristics of the battered woman syndrome." The court also noted the impact upon Snyder of her daughter's stillbirth, for which, Merovci knew, Snyder had sought counseling, and Merovci's persistent references in his letters to "the dead child, the ashes of the child [and] the disposition of the ashes." In light of Snyder and Merovci's history, we discern no clear error in the district court's findings that Snyder was "helpless to [his] approaches and particularly susceptible to the threatening letters," and that Merovci knew it. Accordingly, we uphold the victim-related adjustment. See Peters, 962 F.2d at 1417.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3