IN THE UNITED STATES COURT OF APPEALS
                         FOR THE FIFTH CIRCUIT

                              _____

                            No. 96-60089
                          Summary Calendar
                              _____


UNITED STATES OF AMERICA,

                                             Plaintiff-Appellee,


versus

JERRY LEE QUINN,

                                             Defendant-Appellant.


                        - - - - - - - - - -
             Appeal from the United States District Court
                for the Northern District of Mississippi
                      USDC No. 1:95-CR-83-S-D
                        - - - - - - - - - -
                          October 17, 1996
Before GARWOOD, JOLLY and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Jerry Lee Quinn appeals his jury conviction for being a

felon in possession of a firearm in violation of 18 U.S.C.

§ 922(g)(1) and the 120-month sentence imposed by the district

court.  Quinn argues that there was insufficient evidence to

support his conviction for being a felon in possession of a

firearm.  Viewing the evidence in the light most favorable to the

Government, a reasonable trier of fact could have found that the

_____

     [*] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

evidence presented at the trial established Quinn was guilty of the firearm offense beyond a reasonable doubt.  See <u>United States v. Resio-Trejo</u>, 45 F.3d 907, 910 (5th Cir. 1995); <u>United States v. Martinez</u>, 975 F.2d 159, 160-61 (5th Cir. 1992), <u>cert. denied</u>, 507 U.S. 943 (1993).

Quinn argues that the district court clearly erred in finding that he obstructed justice and in imposing a two-level increase in his offense level pursuant to § 3C1.1 of the U.S. Sentencing Guidelines.  Because Quinn did not present any rebuttal evidence to refute the facts set forth in the Presentence Report (PSR) concerning the obstruction of justice enhancement, the district court did not clearly err in adopting the facts in the PSR and increasing Quinn's offense level for obstruction of justice under § 3C1.1 of the Guidelines.  See <u>United States v. Sherbak</u>, 950 F.2d 1095, 1099-1100 (5th Cir. 1992).

Quinn argues that the district court clearly erred in finding that the firearm was stolen and in increasing his offense level under § 2K2.1(b)(4) of the Guidelines.  Because Quinn did not present rebuttal evidence to refute the facts in the PSR concerning whether the firearm was stolen, the district court did not clearly err in adopting the facts in the PSR and increasing Quinn's offense level because the firearm was stolen pursuant to § 2K2.1(b)(4) of the Guidelines.  See <u>Sherbak</u>, 950 F.2d at 1099-1100.

AFFIRMED.