IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 97-10758
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD LEE VALLEJO,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Northern District of Texas

(4:96-CR-167-A(1))

March 27, 1998

Before JOHNSON, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Richard Lee Vallejo appeals his guilty plea conviction and the sentence imposed for possession of a firearm in or affecting interstate commerce by a convicted felon. First, Vallejo contends that the district court erred in its interpretation and application of the sentencing guidelines. Second, Vallejo challenges the constitutionality of the statute under which he was convicted, 18 U.S.C. § 922(g).

The district court did not commit reversible error in its

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

application and interpretation of the sentencing guidelines. Vallejo argues that the district court erroneously enhanced his sentence for willful obstruction of justice under U.S.S.G. § 3C1.1. Specifically, he asserts that the district court erred in determining that voluntary intoxication cannot serve as a valid defense to the willfulness element of obstruction of justice. The Court need not reach this question because the district court implicitly concluded that Vallejo's claim of intoxication was not credible when it expressly adopted the presentence report. See United States v. Sherback, 950 F.2d 1095, 1099 (5th Cir. 1992). After a careful review of the record and the controlling authorities, the Court concludes that the district court did not err in imposing the enhancement for obstruction of justice. Similarly, after a careful review of the record and the controlling authorities, the Court finds that the district court did not err in denying Vallejo a reduction point for acceptance of responsibility under U.S.S.G. § 3E1.1. See United States v. Tremelling, 43 F.3d 148, 152 (5th Cir.), cert. denied, 514 U.S. 1122 (1995).

Vallejo also argues that the statute of his conviction, § 922(g) is unconstitutional both on its face and as applied to his case. Vallejo's argument is foreclosed by this Court's holding in United States v. Rawls, 85 F.3d 240, 242-43 (5th Cir. 1996).

AFFIRMED.