IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40696
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

SAMUEL WILLIAM COCKE,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-97-CR-9-1
- - - - - - - - - -

June 16, 1999

Before EMILIO M. GARZA, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

     Samuel William Cocke appeals his guilty-plea conviction for making threats against the President and successors to the President in violation of 18 U.S.C. § 871.  Cocke contends that the district court erred in denying his motion to dismiss the indictment because it did not allege that he intended to carry out the threat or that he intended the threat to be conveyed to the President.  Cocke's argument is foreclosed by this court's precedent in United States v. DeShazo, 565 F.2d 893, 895 (5th

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Cir. 1978).

Cocke argues that the district court erred in not making a factual finding concerning whether he actually traveled to Washington, D.C., in February 1997 to conduct surveillance of the White House before the district court increased his offense level under U.S. Sentencing Guidelines § 2A6.1(b)(1).  Because Cocke told Secret Service agents in interviews that he conducted surveillance of the White House and Cocke did not present any specific evidence at sentencing to rebut the facts presented in the Presentence Report (PSR) concerning his actions, the district court was entitled to adopt the facts in the PSR without further inquiry.  See United States v. Sherbak, 950 F.2d 1095, 1099-1100 (5th Cir. 1992).

Cocke argues that the district court erred in not decreasing his offense level by four levels under § 2A6.1(b)(4), which provides for such a reduction if the threat "involved a single instance evidencing little or no deliberation."  § 2A6.1(b)(4).  Because Cocke's actions included obtaining stationery, searching for an address, obtaining postage, and mailing the letter, his actions were not spontaneous and did not warrant a reduction in his offense level under § 2A6.1(b)(4).  See United States v. Stevenson, 126 F.3d 662, 665 (5th Cir. 1997).

AFFIRMED.