UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-21150
Summary Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SIRVETUS LAMONT RATCLIFF,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
(H-98-CR-245-1)
_____

October 20, 1999

Before SMITH, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Having pleaded guilty to being a felon in possession of firearms and possession of firearms with altered or obliterated serial numbers, in violation of 18 U.S.C. § 922 (g)(1) and (k), Sirvetus Ratcliff contends that the district court violated FED. R. CRIM. P. 32(c)(1) by overruling his objection to the presentence report's (PSR) recommended increase of his offense level under U.S.S.G. § 2K2.1(b)(5). In this regard, Ratcliff maintains that

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

- 1 -

the court failed to make factual findings regarding whether he had used the weapons in connection with another felony offense.

A court's compliance with Rule 32 is a question of law, reviewed *de novo*.  **United States v. Myers**, 150 F.3d 459, 465 (5th Cir. 1998).  A court must resolve disputed facts at sentencing by "mak[ing] either a finding on the allegation or a determination that no finding is necessary because the controverted matter will not be taken into account in, or will not affect, sentencing".  FED. R. CRIM. P. 32(c)(1).  But, Rule 32 does *not* "require a catechismic regurgitation of each fact determined and each fact rejected".  **United States v. Sherbak**, 950 F.2d 1095, 1099 (5th Cir. 1992); *e.g.*, **United States v. Gaytan**, 74 F.3d 545, 557 (5th Cir. 1996).  When the district court adopted the PSR's findings, Ratcliff was "provided adequate notice" of the resolution of the factual dispute.  *See* **United States v. Mora**, 994 F.2d 1129, 1141 (5th Cir. 1993).

The court implicitly relied on the PSR's recommendation by overruling Ratcliff's objection, *see* **Mora**, 994 F.2d at 1141, and expressly noted in its written judgment that it adopted the PSR's factual findings and guideline application.  Therefore, the court adopted the PSR's finding that a preponderance of the evidence demonstrated that the adjustment was warranted because Ratcliff had used the firearms in connection with an aggravated robbery or an aggravated kidnapping, thus satisfying Rule 32(c)(1).  *See* **United States v. Anderson**, 174 F.3d 515, 526 n.3 (5th Cir. 1999); **Mora**, 994 F.2d at 1141.

*AFFIRMED*