IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-10737
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE GOMEZ, also known as Monstro,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:98-CR-385-3-H
- - - - - - - - - -
March 24, 2000

Before JONES, DUHÉ, and STEWART, Circuit Judges.

PER CURIAM:[1]

Jorge Gomez appeals his sentence for his guilty-plea conviction of conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846.

Gomez contends that the district court clearly erred in enhancing his base offense level for obstruction of justice, pursuant to U.S.S.G. § 3C1.1, based on Gomez's allegedly having given law-enforcement agents the incorrect address for his home and for apparently sending his brother to burglarize his apartment so

_____

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

as to remove cocaine that had been left there after Gomez's arrest. Gomez's contention that the district court was required to make "specific" and "independent" findings of fact with respect to his objection to this enhancement is without merit. United States v. Sherbak, 950 F.2d 1095, 1099 (5th Cir. 1992) (FED. R. CRIM. P. 32 does not require "catechismic regurgitation of each fact determined and each fact rejected"); United States v. Charroux, 3 F.3d 827, 836 (5th Cir. 1993). In imposing the § 3C1.1 enhancement, the district court did not improperly rely on the information in Gomez's Presentence Report ("PSR"), which was unrebutted by Gomez. See United States v. Lage, 183 F.3d 374, 383-84 (5th Cir. 1999), petition for cert. filed, (U.S. Oct. 27, 1999) (No. 99-6487); § 6A1.3. The court's conclusion that the conduct described above constituted obstruction of justice was not clearly erroneous. See United States v. Upton, 91 F.3d 677, 687 (5th Cir. 1996).

The district court did not clearly err in determining, for sentencing purposes, that Gomez was directly involved in the distribution of 61 kilograms of cocaine. See United States v. Torres, 114 F.3d 520, 527 (5th Cir. 1997). Gomez failed to present any evidence to rebut the information in his PSR and the testimony of a DEA agent at his sentencing hearing, both of which supported the district court's calculation of drug quantity. See Lage, 183 F.3d at 383-84; United States v. Morrow, 177 F.3d 272, 304 (5th Cir.), cert. denied, 120 S. Ct. 333 (1999) ("[o]bjections in the form of unsworn assertions do not bear sufficient indicia of reliability to be considered" as rebuttal evidence at sentencing).

The district court did not clearly err in imposing an enhancement for possession of a weapon, see § 2D1.1(b)(1), in that several guns were found at the automotive shop where many of the cocaine transactions took place. See United States v. Cortinas, 142 F.3d 242, 250 (5th Cir.), cert. denied, 119 S. Ct. 224 and 119 S. Ct. 573 (1998). Regardless of the defendant's own knowledge of the presence of a firearm, a defendant like Gomez may be held responsible for a codefendant's reasonably foreseeable possession of a firearm during the commission of a drug-trafficking offense. United States v. Thomas, 120 F.3d 564, 574 (5th Cir. 1997); see United States v. Aguilera-Zapata, 901 F.2d 1209, 1215 (5th Cir. 1990) (firearms are well-known "tools of the trade" of those engaged in illegal drug-trafficking).

AFFIRMED.