IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-30073
(Summary Calendar)
_____


UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

LARRY W. DOUBLIN,

                                    Defendant-Appellant.


--------------------

Appeal from the United States District Court
for the Western District of Louisiana
(95-CR-30024-5)

--------------------
October 30, 2000

Before HIGGINBOTHAM, WIENER, AND BARKSDALE, Circuit Judges.

PER CURIAM:[*]

     Defendant-Appellant Larry W. Doublin argues that the district
court abused its discretion when it failed to suppress evidence of
a taped telephone conversation or when it failed to continue the
trial to permit Doublin to rebut the testimony that identified his
voice on the tape recording.  Doublin argues that the government
violated the discovery rules by failing to provide him with

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

complete and correct information about the taped conversation at least one week before trial.

The record does not reflect that the government intentionally concealed the contents of the taped conversation from the defense. The government afforded defense counsel an opportunity to review the tape recordings nine months prior to trial, and provided defense counsel with information as to the specific contents of the tapes a short time after receiving that information.

The prejudice arising from the admission of the tape was minimal in light of the other incriminating evidence adduced at trial. Further, the jury heard the tape and Doublin's testimony that it was not his voice on the tape; the jury could and did draw its own conclusion as to authenticity. As Doublin's counsel did not request a delay or continuance, he cannot complain that the district court did not continue the trial. The district court did not abuse its discretion in denying Doublin's request to suppress the taped conversation. See United States v. Katz, 178 F.3d 368, 372 (5th Cir. 1999).

Doublin also argues that the district court erred in failing to make specific factual findings with respect to the quantity of drugs distributed within the conspiracy that were foreseeable by Doublin. The district court adopted the findings contained in the presentence report (PSR), which were supported by detailed facts and were not rebutted by Doublin through either relevant affidavits or other evidence. The district court's adoption of the findings in the PSR satisfy the requirement of Fed. R. Crim. P. 32(c)(1)

2

that controverted factual matters be resolved at sentencing. <u>See</u> <u>United States v. Sherbak</u>, 950 F.2d 1095, 1098 (5th Cir. 1992).

Doublin further argues that the district court erred in enhancing his offense level for obstruction of justice based on his allegedly perjured testimony at trial. The district court specifically determined that Doublin's false testimony satisfied the factual predicate for perjury and pointed out particular testimony that the court relied on in making its finding of perjury. The district court's imposition of the enhancement is supported by the record and is not clearly erroneous. <u>See</u> <u>United States v. Cabral-Castillo</u>, 35 F.3d 182, 186 (5th Cir. 1994).

As Doublin failed to argue in the district court or in his brief that he was sentenced above the statutory maximum permitted by the indictment filed against him, the government's motion to file a supplemental brief addressing that issue in light of <u>Apprendi v. New Jersey</u>, 120 S. Ct. 2348 (2000), is denied as moot. AFFIRMED; MOTION DENIED.