**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 00-51048**
**Summary Calendar**
**Civil Docket #W-96-CR-53-1**

_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**MELVIN JAMES SANFORD,**

**Defendant-Appellant.**

_____

Appeal from the United States District Court
for the Western District of Texas
_____

June 21, 2001

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Appellant Sanford asserts that the district court clearly erred in finding him a manager or supervisor of Kenneth Brown, his confederate in cocaine distribution in Killeen, Texas. The finding caused a three-point base offense level increase under the Guidelines, U.S.S.G. § 3B1.1(b).

_____

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

After pleading guilty to conspiracy to distribute cocaine, Sanford offered no evidence to dispute the PSR's recommendation of this increase, which was predicated on Sanford's (a) personal intervention in Brown's distribution business (encouraging him to receive more cocaine for resale); (b) fronting cocaine to Brown, i.e. shipping before payment was made; and (c) teaching Brown how to "cook" the cocaine into crack, its only salable concoction in the local drug market.

In the absence of factual controversion by Sanford, we rely on the accuracy of the PSR. United States v. Sherbak, 950 F.2d 1095, 1099-1100 (5th Cir. 1992). The finding that a defendant was a manager or supervisor may not be reversed on appeal unless it is clearly erroneous. United States v. Palomo, 998 F.2d 253, 257 (5th Cir. 1993). These standards compel affirmance of the district court's finding. Sanford shepherded Brown's distribution of crack cocaine in a way that went beyond a mere buyer-seller relationship. The cases cited by Sanford are thus distinguishable.

Accordingly, the sentence imposed by the district court is **AFFIRMED.**