**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Sharif Bishara SIRHAN, Defendant-**
**Appellant.**

No. 73–2571.

United States Court of Appeals,
Ninth Circuit.

Jan. 31, 1974.

John K. Van De Kamp, Fed. Public Defender, John W. Hornbeck, Kenneth W. Collins, Deputy Fed. Public Defenders, Los Angeles, Cal., for defendant-appellant.

William D. Keller, U. S. Atty., P. G. Flynn, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before ELY and TRASK, Circuit Judges, and NIELSEN,* District Judge.

## OPINION

PER CURIAM:

Appellant was convicted of a violation of 18 U.S.C. § 876, which makes it a crime to threaten injury to any person by a communication sent by mail. Appellant was charged with and convicted of sending a letter to Secretary of State William P. Rogers in which he threatened to shoot and kill Israeli Prime Minster Golda Meir on March 1, 1973, a date when Mrs. Meir was scheduled to be in the United States on official business. The letter was signed "P.L.O.," presumably for "Palestinian Liberation Organization."

## I

Appellant contends that it was reversible error for the trial court to refuse appellant's requested instruction on wilfulness.

■ Appellant is correct in stating that specific intent is required for conviction under this statute. United States v. LeVison, 418 F.2d 624 (9th Cir. 1969) and United States v. Holder, 302 F.Supp. 296 (D.Mont.1969), affd. per curiam 427 F.2d 715 (9th Cir. 1969). But appellant goes further and states that wilfulness must be alleged, proved, and instructed on before specific intent can be found to exist. Appellant's argument is wholly without merit.

■ Title 18, U.S.C. § 876 (paragraph 3) requires proof beyond a reasonable doubt of only two elements for conviction thereunder. First, the defendant must have written and mailed a letter (or other communication) containing a threat to injure another person. Secondly, he must have knowingly caused the letter to be deposited in the mails. Petschl v. United States, 369 F. 2d 769 (8th Cir. 1966).

■ The specific intent necessary to prove the second element exists whenever defendant *knowingly* deposits the threatening letter in the mails. The statute here violated does not require that the defendant "knowingly and wilfully" deposit the letter.[1] If he knowingly mails such a letter, that is all which is required to prove the requisite specific intent.

■ The trial judge here instructed the jury as to specific intent, using the word "knowingly," and explained what both meant.[2] That is all that he was required to do. A "wilfulness" instruction, together with a "knowingly" in-

---

* Of the Southern District of California.

[1]. 18 U.S.C. § 876 (paragraph 3) reads: "Whoever knowingly so deposits or causes to be delivered as aforesaid, any communication with or without a name or designating mark subscribed thereto, addressed to any other person and containing any threat to kidnap any person or any threat to injure the person of the addressee or of another, shall be fined not more than $1,000 or imprisoned not more than five years, or both."

[2]. The jury was instructed: "To establish specific intent the Government must prove that the defendant knowingly did an act which the law forbids, purposely intending to violate the law. Such intent may be determined from all the facts and circumstances surrounding the case."

"It is not necessary for the prosecution to prove that the defendant knew that a particular act or failure to act is a violation of law. Unless and until outweighed by evidence in the case to the contrary, the presumption is that every person knows what the law forbids, and what the law requires to be done." (R.T. 364–365)

struction the trial court gave, was not only not required, but would have been superfluous and likely confusing to the jury.[3]

## II

 Appellant next urges reversal of his conviction based on the trial court's refusal to allow him to introduce letters which he had written at an earlier time. These letters were written several years before the letter which is the basis of the conviction. Written to national and international leaders, these prior letters protested against the conditions of the Palestinian refugees and the Palestinian situation generally. These letters contained no threats and were signed by the appellant with his own name.[4]

The trial court sustained objection to the introduction of these letters on several grounds. It determined that any relevance which the letters may have had was clearly outweighed by confusion to the jury. It also found that the letters were not legally relevant. In its ruling the trial court stated:

"The documents are clearly hearsay and clearly too remote to be of any probative value as an indication of defendant's state of mind at the time of the writing of the letter here in issue."

"At most, Defendant's [letters] indicate a different state of mind at the time they were written, since they contain no threat to anyone's life. And in this Court's view the offered evidence has little, if any, probative value to any issue in this case, and particularly has little, if any, probative value on the question of intent of defendant with respect to the crime here charged." (R.T. 319)

 Absent a clear showing of abuse of discretion, this Court will not disturb the judgment of the trial judge that certain evidence is legally irrelevant and therefore inadmissible.

There were good reasons not to admit this evidence, as the trial judge noted, therefore we find no abuse of discretion and no error.[5]

Affirmed.

---

3. A "wilfulness" instruction talks about bad purpose either to disobey or to disregard the law, while a "knowingly" instruction talks about defendant's knowingly doing an act which the law forbids purposely intending to violate the act. It appears that a "wilful" violation of the law requires more of a specific intent, though the difference appears to be more one of semantics than actual substance. This is not to say that one or the other instruction may be given. If the statute requires a wilful intent for conviction, then an instruction on wilfulness must be given, and vice versa.

4. The Government attempted to introduce an earlier letter which appellant wrote and signed with his own name allegedly threatening the life of Israeli Defense Minister Moshe Dayan. Upon appellant's objection the Court refused to admit the letter into evidence for the very same reasons it refused to allow appellant to introduce the letters at issue.

5. As one of the issues presented, appellant stated that § 876 requires specific intent. However, appellant urges no reversal on this issue in apparent recognition that the court gave a specific intent instruction thereby necessitating proof of specific intent.