**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Lutrell DAVIS, Defendant–Appellant.**

**No. 88–1147.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 13, 1988.
Memorandum March 6, 1989.
Order and Opinion May 31, 1989.

John Ashford Thompson, Honolulu, Hawaii, for defendant-appellant.

Mark J. Bennett, Asst. U.S. Atty., Honolulu, Hawaii, for plaintiff-appellee.

Before HUG, TANG and KOZINSKI,
Circuit Judges.

PER CURIAM.

Appellant Lutrell Davis is a Hawaii state prisoner. He mailed a letter to Chief District Judge Harold M. Fong, threatening to kill both Judge Fong and Senior District Judge Samuel P. King. As a consequence, he was convicted of mailing a threatening letter with intent to extort, and threatening to murder a United States judge with intent to impede, intimidate, interfere with, or retaliate against such judge, in violation of 18 U.S.C. § 115(a) (Supp. IV 1988) and 18 U.S.C. § 876 (1982). He contends that the district court's refusal to give certain jury instructions, its admission of certain testimony and its exclusion of certain defense exhibits warrant reversal of his conviction. He also contends that the district court erred in refusing to grant his motion for acquittal on count one, 18 U.S.C. § 876. We review the trial court's evidentiary rulings for abuse of discretion. *United States v. Crespo de Llano*, 838 F.2d 1006, 1018 (9th Cir.1988).

A. Davis first contends that the district court erred by refusing his proposed self-defense and necessity instructions. The proposed self-defense instruction was appropriate, he argues, because he had testified that "the Federal Judges were part of the system wherein his life had been threatened," Appellant's Opening Brief at 15, and that mailing the threatening letter was the only way Davis could defend himself. The proposed necessity instruction was likewise warranted, he argues, because he had introduced evidence that there were no other means of avoiding what he believed to be his unlawful incarceration.

Our cases are not entirely consistent as to the proper standard for reviewing a district court's denial of a proposed jury instruction. *Compare United States v. Wagner*, 834 F.2d 1474, 1486 (9th Cir.1987) (district court's refusal to give defendant's jury instruction on theory of case reviewed de novo) and *United States v. Doubleday*, 804 F.2d 1091, 1093 (9th Cir.1986) (same) (dicta), *cert. denied*, 481 U.S. 1005, 107 S.Ct. 1628, 95 L.Ed.2d 201 (1987), *with United States v. Busby*, 780 F.2d 804, 806 (9th Cir.1986) (refusal to give defendant's entrapment instruction reviewed for abuse of discretion) and *United States v. Fleishman*, 684 F.2d 1329, 1342 (9th Cir.) (same), *cert. denied*, 459 U.S. 1044, 103 S.Ct. 464, 74 L.Ed.2d 614 (1982). If the outcome of this appeal were to turn on the standard of review, we might be required to bring the issue before the court en banc. *See Greenhow v. Secretary of Health & Human Servs.*, 863 F.2d 633, 636 (9th Cir.1988). The result in this case, however, is the same under either standard, because Davis' contentions are totally devoid of merit.

■ "Lafave and Scott suggest that self defense is appropriate only for crimes committed against the person in defending oneself." *United States v. Nolan*, 700 F.2d 479, 484 n. 1 (9th Cir.), *cert. denied*, 462 U.S. 1123, 103 S.Ct. 3095, 77 L.Ed.2d 1354 (1983) (discussing W. Lafave & A. Scott, *Handbook on Criminal Law* 374–77 (1972)). Judges King and Fong's only contact with Davis was that they had denied his petitions for habeas corpus and other relief. Davis introduced no evidence that Judges King or Fong had used or were about to use unlawful force against him.

■ "The defense of necessity is available when a person is faced with a choice of two evils and must then decide whether to commit a crime or an alternative act that constitutes a greater evil." *United States v. Contento–Pachon*, 723 F.2d 691, 695 (9th Cir.1984). Davis argues that threatening the lives of these federal judges was the only way for him to escape a confinement which he believed to be illegal. It goes without saying that the desire to get out of jail cannot serve as license to threaten the lives of judicial officers, no matter how earnestly one may believe that their conduct is unjust or illegal. *See United States v. Kinslow*, 860 F.2d 963, 966 (9th Cir.1988) (district court properly rejected proffered duress instruction where "[n]o imaginable set of circumstances could possibly justify" defendant's illegal actions). Defendant's proffered instructions had no basis in fact and were therefore properly rejected by the district court.

B. Davis next contends that the district court erred in admitting Judge Fong's testimony regarding the judge's knowledge of a prior assassination of a federal judge, as well as evidence regarding the steps taken to protect Judge Fong. We disagree. Evidence of the recipient's state of mind, as well as his actions taken in response to the letter, are highly relevant in establishing an essential element of both counts of the indictment—whether the letter could reasonably be read as containing a threat of injury. *See United States v. Reynolds,* 532 F.2d 1150, 1155–56 (7th Cir.1976); *United States v. Barcley,* 452 F.2d 930, 934 n. 6 (8th Cir.1971) ("in a case [involving an alleged violation of 18 U.S.C. § 876], it seems that proof of the effect of an allegedly threatening letter upon the addressee would throw light upon the intent of the sender"). Furthermore, the probative value of the testimony was not substantially outweighed by the danger of unfair prejudice. Fed.R.Evid. 403.

C. Davis also argues that the district court erred in refusing to grant his motion for acquittal on count one, 18 U.S.C. § 876, because the government failed to establish that Davis "reasonably anticipated that threatening two judges would get him released from prison." Appellant's Reply Brief at 4. Section 876 requires no such showing. "The only proof of specific intent required to support a conviction under 18 U.S.C. § 876 is that the defendant knowingly deposits a threatening letter in the mails, not that he intended or was able to carry out the threat." *United States v. Chatman,* 584 F.2d 1358, 1361 (4th Cir. 1978). *Accord United States v. Sirhan,* 504 F.2d 818, 819 (9th Cir.1974) (per curiam) (section 876 merely requires proof that (1) defendant wrote or mailed a letter containing a threat to injure a person and (2) knowingly caused the letter to be deposited in the mails). There was ample evidence before the district court to satisfy these requirements. The district court therefore did not err in refusing defendant's motion for acquittal on count one.

D. Finally, Davis argues that the district court erred by refusing to admit nu-merous defense exhibits. These proffered exhibits, however, were cumulative and irrelevant to any defense offered by Davis. The district court did not err in excluding this evidence. *See United States v. Malquist,* 791 F.2d 1399, 1402 (9th Cir.), *cert. denied,* 479 U.S. 954, 107 S.Ct. 445, 93 L.Ed.2d 394 (1986); *Sirhan,* 504 F.2d at 820.

AFFIRMED.