985 F.2d 576
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Marsha Lois KAISERMAN, Defendant-Appellant.
 No. 92-50015.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 7, 1993.*
Decided Jan. 28, 1993.
 
 Appeal from the United States District Court for the Central District of California; No. CR-91-0433-RG-01, Richard A. Gadbois, Jr., District Judge, Presiding.
 C.D.Cal.
 AFFIRMED IN COUNTS ONE, TWO AND FOUR, AND REVERSED IN COUNT THREE.
 Before JAMES R. BROWNING, POOLE and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The evidence was sufficient to support Kaiserman's convictions on counts one, two and four for mailing a threatening communication in violation of 18 U.S.C. § 876 but insufficient to support her conviction on count three.
 
 Counts One and Four
 
 3
 Rational jurors could conclude beyond a reasonable doubt that appellant's December 26, 1990 letter to Judge Mireles (Count One) was not merely a statement of an "idea" or "notion" but a present threat to injure her trial attorney. Her statement that she was "perseverating on the idea of murdering Christopher Nance to do the world a favor" is not ambiguous in light of the words that followed ("I seriously need to know how much time (if any), I would get if I murdered Christopher Nance in cold blood."). Reasonable jurors could conclude defendant's inquiry as to the penalty for first degree murder was purely rhetorical and the threat to harm Nance was not conditioned upon Judge Mireles' response.
 
 
 4
 We reject appellant's argument that her stated intent not to use "any physical force to vindicate [Judge Mireles'] catastrophic mistake" vitiated the admittedly threatening nature of the statement that followed in her letter mailed January 31, 1991 to Judge Mireles (Count Four): "for your own protection--it would behoove a judge of your tactics who sends innocent people to prison without even a trial should always work in a Courthouse with very tight security ... and pray. Your life is constantly in jeopardy so watch your back at all times." Immediately after this warning, defendant wrote "decent people can get overly emotional and angry when ordered to live in a cement cell for two years and 8 months." Because this was the sentence Judge Mireles had imposed on appellant and in light of her admission to Agent Gardener that she had sent threatening letters to Judge Mireles, a jury could conclude beyond a reasonable doubt that appellant intended to imply that she would be the direct or indirect source of the threatened injury.
 
 Count Two
 
 5
 The seriousness of appellant's statement in her letter of January 31, 1991 to Judge Dunn that "God and I have finally reached an understanding that he will be vindicating my perpetrators from now on, and He promised me that you will soon be 'Dunn,' " presented a question for the jury to determine on the basis of all the evidence. The threat is not to be discounted as a matter of law merely because it might be regarded as bizarre; "potential assassins may well be irrational." United States v. Mitchell, 812 F.2d 1250, 1256 (9th Cir.1987). The fact that both Judge Mireles and Judge Dunn, who were familiar with the defendant and the circumstances in which the letters were sent, regarded the threats as serious and took steps to protect themselves could be considered by the jury as significant in determining whether the letters could reasonably be read as containing serious threats of injury. United States v. Davis, 876 F.2d 71, 73 (9th Cir.1989). Viewing this evidence in the light most favorable to the government, we cannot say the jury's conclusion was unreasonable.
 
 Count Three
 
 6
 We are not satisfied, however, that rational jurors could find it was reasonably foreseeable that the deputy district attorneys to whom defendant's January 30, 1991 letter was addressed would interpret it as a threat to injure them. The defendant's statement that she hoped Saddam Hussein would put a bomb in their "old Honda" in front of the courthouse was no more than dramatic hyperbole in a letter composed of unrestrained bombast. The letter did not imply in any way that defendant would be involved in injuring the deputy district attorneys. She simply expressed her hope for an occurrence in which she could not participate and which she could not help to bring about.
 
 
 7
 The convictions on counts one, two, and four are affirmed. The conviction on count three is reversed.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or for the courts of this circuit except as provided by 9th Cir.R. 36-3