21 F.3d 1116
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Leslie ANDREASON, Defendant-Appellant.
 No. 90-30329.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1994.*
Decided March 28, 1994.
 
 Before: FLETCHER, BRUNETTI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Leslie Andreason appeals his conviction, following a jury trial, for failing to surrender for service of a sentence, in violation of 18 U.S.C. Sec. 3146(a)(2). We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Andreason first challenges the sufficiency of the evidence supporting his conviction. Andreason argues that the government failed to present sufficient evidence to prove that he knew the location at which he was supposed to surrender to federal officials. We disagree. The government presented evidence that: (1) Andreason's attorney instructed him to surrender to the United States Marshal's office in Boise, Idaho, on May 8, 1989 at 9:00 a.m.; and (2) on May 9, 1989, Andreason telephoned the United States Marshal's office and was instructed by a Deputy Marshal to report to the Jerome County jail within thirty minutes; Andreason told the marshal that he would report to the jail but failed to do so. We conclude that this evidence was sufficient to allow a rational jury to find that Andreason knew where he was supposed to surrender to serve his sentence. See Jackson v. Virginia, 443 U.S. 307, 319 (1979) (conviction must be upheld if, viewing the evidence and all reasonable inferences drawn from it in the light most favorable to the government, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt).
 
 
 4
 Andreason next argues that the district court erred by failing to instruct the jury that, to be found guilty of violating 18 U.S.C. Sec. 3146(a)(2), he had to act willfully. This argument fails. The district court instructed the jury that the government had to prove that Andreason "knowingly failed to surrender as ordered." This instruction is consistent with the language of the statute defining the offense. 18 U.S.C. Sec. 3146(a)(2). The district court further instructed the jury that: "An act is knowingly done if the defendant is aware of the act and does not act through ignorance, mistake or accident." We find no error in the district court's instructions because they fairly and adequately cover the issues presented. See United States v. Marabelles, 724 F.2d 1374, 1382-83 (9th Cir.1984) ("trial judge is given substantial latitude in tailoring the instructions so long as they fairly and adequately cover the issues presented); United States v. Sirhan, 504 F.2d 818, 819-20 (9th Cir.1974) (when a statute requires that an act be done knowingly, the jury instructions need only use the word knowingly and explain what it means; a willfulness instruction is not required).
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3