**UNITED STATES of America, Plaintiff,**

v.

**Will B. KING, aka William Beckingham, Defendant.**

**No. SA CR 95–102–GLT.**

United States District Court,
C.D. California,
Southern Division.

April 3, 1996.

Nora M. Manella, United States Attorney, Richard E. Drooyan, Assistant United States Attorney Chief, Criminal Division, David R. Fields, Assistant United States Attorney, Los Angeles, California for Plaintiff United States of America.

Maria E. Stratton, Federal Public Defender, H. Dean Steward, Directing Attorney, Leon L. Peterson, Deputy Federal Public Defender, Santa Ana, California for Defendant Will B. King.

## ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL

TAYLOR, District Judge.

After considering apparently inconsistent Ninth Circuit authority, the court holds a specific intent to threaten is not a necessary element of 18 U.S.C. § 876, mailing a threatening communication.

### I. *BACKGROUND*

After a jury trial, defendant was convicted of mailing a threatening communication in violation of 18 U.S.C. § 876. Defendant now moves for a new trial, claiming the court erred in refusing to instruct the jury that the government must prove the defendant had the specific intent to threaten.[1]

### II. *DISCUSSION*

■ Defendant's motion presents an issue where there is conflicting Ninth Circuit authority. Separate opinions take apparently opposite positions whether specific intent to threaten is an element of a section 876 violation.

In *United States v. Sirhan*, 504 F.2d 818 (9th Cir.1974), the court held a conviction under section 876 requires proof of two elements. First, the defendant must have written and mailed a letter containing a threat to injure another person. Second, the defendant must have knowingly caused the letter to be deposited in the mails. *Id.* at 819. The court noted the crime requires proof of specific intent, but found this element was satisfied by the "knowingly" portion of the second element. *Id.* Thus, *Sirhan* did not require an element of specific intent to threaten.

Later, in *United States v. Twine*, 853 F.2d 676 (9th Cir.1988), the court considered whether a diminished capacity defense was available to a defendant charged with violating 18 U.S.C. §§ 875(c) and 876. Because that defense arises only when specific intent is in issue, the court had to determine whether specific intent is an element of those crimes. After reviewing several cases in the

1. At trial, defendant had unsuccessfully sought instructional support for an argument he only

intended the communication as a joke, not as a threat.

area (including *Sirhan* ), the court concluded "the showing of an intent to threaten, required by §§ 875(c) and 876, is a showing of specific intent." *Id.* at 680. The court also noted: "Our holding that specific intent to threaten and to transmit the threat are essential elements of the crimes defined by §§ 875(c) and 876 does not conflict or disagree with the clear pronouncement of other circuits that specific intent (or ability) to carry out the threat is not an essential element under these sections." *Id.* at 681 n. 4 (citing *United States v. Lincoln,* 589 F.2d 379, 381 (8th Cir.1979); *United States v. Chatman,* 584 F.2d 1358, 1360-61 (4th Cir. 1978)). Thus, *Twine* apparently holds that specific intent to threaten *is* a necessary element of section 876.

Less than a year later, the Ninth Circuit revisited the elements of section 876 in *United States v. Davis,* 876 F.2d 71 (9th Cir. 1989). Citing the same *Chatman* Fourth Circuit case cited in *Twine,* the court held the only specific intent element of section 876 is that the defendant knowingly deposit the letter in the mail. *Davis,* 876 F.2d at 73. No element of specific intent to threaten was required. However, despite the apparent inconsistency with *Twine,* the *Davis* court made no reference to it.

The Ninth Circuit thereafter cited this portion of *Davis* on one more occasion. In *United States v. Orozco–Santillan,* 903 F.2d 1262 (9th Cir.1990), the court held the specific intent to threaten is not an element of 18 U.S.C. § 115 (threatening to assault a law enforcement officer). Drawing an analogy between sections 115 and 876, the court cited *Davis* as support for the proposition that "[t]he only intent requirement is that the defendant intentionally or knowingly communicates his threat, not that he intended or was able to carry out the threat." *Id.* at 1265-66 n. 3.

By comparison, the relevant portion of *Twine*'s holding has not been cited by the Ninth Circuit in a published opinion.[2]

Government and defense counsel differ widely on the proper interpretation for a key

sentence in *Davis:* "The only proof of specific intent required to support a conviction under 18 U.S.C. § 876 is that the defendant knowingly deposits a threatening letter in the mails, not that he intended or was able to carry out the threat." *Davis,* 876 F.2d at 73 (quoting *Chatman,* 584 F.2d at 1361). The government asserts there is only a single "knowingly deposits a threatening letter" specific intent element within section 876. Defendant attempts to reconcile *Davis* with *Twine,* arguing the quoted sentence means only that a showing of intent to carry out the threat is not required.

Because the language in question is a quote from *Chatman,* it is helpful to look to that Fourth Circuit opinion. The defendant in *Chatman* was a prisoner who wrote a threatening letter to the federal judge handling his civil rights action. He argued the proof of his intent was insufficient because he did not have any real intent to harm the judge. *Chatman,* 584 F.2d at 1359. The court rejected this argument, holding that intent to carry out the threat is not required to support a conviction under section 876. *Id.* at 1361; *see also United States v. Lincoln,* 589 F.2d 379, 381 (8th Cir.1979) ("The offense of mailing threatening communications requires proof of only two elements: (1) that the defendant wrote a threatening letter and (2) that the defendant knowingly caused the letter to be forwarded by the United States mail.").

*Twine* relied on *Sirhan,* citing it for the proposition that "specific intent is required for conviction" under section 876. *Twine,* 853 F.2d at 680. The court asserted the *Sirhan* court was "only concerned with the second element, that the defendant knowingly transmitted the communication." *Id.* Therefore, the court concluded the intent to threaten has yet to be expressly classified as general or specific. *Id.*

■ The language of the statute itself is instructive. The third paragraph of section 876 provides, in part:

**2.** *Twine* was cited by a Ninth Circuit panel in an unpublished disposition. *See United States v. Dickey,* 1992 WL 132958 (9th Cir.1992). Pursuant to Ninth Circuit Rule 36–3, such an unpublished disposition has no precedential value.

Whoever knowingly so deposits or causes to be delivered as aforesaid, any communication ... addressed to any other person and containing ... any threat to injure the person of the addressee or of another, shall be fined under this title or imprisoned not more than five years, or both. 18 U.S.C. § 876. This statutory language does not contain any reference to a specific intent to threaten. Generally, when a statute does not contain any reference to intent, general intent is implied. *United States v. Martinez*, 49 F.3d 1398, 1401 (9th Cir.1995).

Other circuits have rejected a specific intent to threaten element. For example, the Seventh Circuit recently recognized there are two elements necessary to prove a violation of section 876: "(1) that the defendant wrote a letter addressed to a certain person containing a threat to injure the person of the addressee or another, and (2) that the defendant knowingly caused the letter to be forwarded by the United States mail." *United States v. Aman*, 31 F.3d 550, 553 (7th Cir.1994) (quoting *United States v. Khorrami*, 895 F.2d 1186, 1191 (7th Cir.) *cert. denied*, 498 U.S. 986, 111 S.Ct. 522, 112 L.Ed.2d 533 (1990)). In defining a threat for purposes of the first element, the court held "it is not what the defendant intended, but whether the recipient could reasonably have regarded the defendant's statement as a threat." *Id.* (quoting *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990)). Therefore, the court rejected the defendant's claim that the jury had not been properly instructed. *Id.* at 553–56.

The court concludes the language of *Twine* apparently cannot be reconciled with the holdings of *Davis* and *Sirhan*. To interpret *Davis* as defendant suggests would require a strained reading of the court's language and disregard of the cases on which *Davis* relies. *Davis* is more consistent with the court's prior decision in *Sirhan* and decisions of other circuits. *Davis* is the most recent Ninth Circuit statement on the issue. As a result, this court will follow *Sirhan* and *Davis'* holding on the specific intent to threaten issue.

This court holds there is no specific intent to threaten element necessary to prove a violation of 18 U.S.C. § 876. In reaching this conclusion, this court determines the *Davis* and *Sirhan* cases properly state the necessary elements. To the extent *Twine* cannot be reconciled with *Davis,* it was implicitly overruled by *Davis.*

## III. *DISPOSITION*

Because the jury was properly instructed, the defendant's motion for a new trial is DENIED.