**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Will B. KING, Defendant–Appellant.**

**No. 96–50299.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 15, 1997.

Decided Aug. 13, 1997.

Loretta S. Shartsis, Pine Mountain, CA, for Defendant–Appellant.

David R. Fields, Assistant United States Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Before: FARRIS and TASHIMA, Circuit Judges, and STAGG,* District Judge.

Opinion by Judge TASHIMA; Concurrence by Judge FARRIS.

TASHIMA, Circuit Judge:

### I. OVERVIEW

Will B. King appeals from the district court's denial of his motion for new trial following his conviction for mailing a threatening communication in violation of 18 U.S.C.

---

* Honorable Tom Stagg, Senior United States District Judge for the Western District of Louisiana, sitting by designation.

§ 876. King based his motion on the district court's refusal to instruct the jury that, in order to convict him of violating § 876, it had to find specific intent to threaten. As a conclusion of law concerning jury instructions, the district court's determination that § 876 did not require the government to prove specific intent to threaten is reviewed *de novo*. *United States v. Tagalicud*, 84 F.3d 1180, 1183 (9th Cir.1996) (question whether instruction accurately states elements of crime is reviewed *de novo* ); *United States v. Garcia*, 37 F.3d 1359, 1364 (9th Cir.1994).

We have jurisdiction under 28 U.S.C. § 1291 and conclude that, because the question presented by this case was already decided in *United States v. Twine*, 853 F.2d 676 (9th Cir.1988), the district court erred when it refused to give the specific intent instruction King requested. We therefore reverse the judgment of conviction and remand for proceedings consistent with this opinion.

## II. BACKGROUND

At trial, the government proposed an instruction requiring only that the jury find that King knowingly mailed a communication addressed to any person and containing any threat to injure a person. King objected to this instruction, arguing that it failed to require the prosecution to prove specific intent to threaten. His attorney proposed an instruction which did contain specific intent to threaten as an element of the crime. The trial court rejected King's proposed instruction and gave the instruction requested by the government.

After the jury returned a guilty verdict, King filed a motion for new trial, arguing that the court had erred in refusing to give a specific intent instruction. The district court denied King's motion for a new trial. Although it recognized that *Twine* construed § 876 as requiring a showing of specific intent to threaten, the court decided it was free not to follow *Twine* on the basis of a perceived inconsistency between *Twine* and subsequent Ninth Circuit authority. *United*

*States v. King*, 920 F.Supp. 1078 (C.D.Cal. 1996).

## III. ANALYSIS

The district court erred in failing to follow our specific and explicit holding in *Twine* that § 876 requires the government to prove specific intent to threaten.[1] Contrary to what the district court concluded, there is no inconsistency in our case law.

### A. Twine's Holding

In *Twine*, we unequivocally decided that § 876 requires the government to prove specific intent to threaten. *Twine*, 853 F.2d at 680–81 ("Today we hold that the showing of an intent to threaten, required by §§ 875(c) and 876, is a showing of specific intent.").

The defendant in *Twine* sought to rely on a diminished capacity defense; specifically, he argued that he was entitled to introduce evidence of mental defect in connection with both his ability to form an intent to mail and his ability to form an intent to threaten. We concluded that § 876 requires a showing of specific intent to threaten and that, consequently, the defendant there was entitled to have the court review the evidence of mental defect he introduced which tended to establish his diminished capacity as to both intent to mail and intent to threaten:

> Twine was entitled to have his mental defect evidence considered on the issue of whether he possessed the mental capacity to form the specific intent to threaten the members of the group home, and to transmit his threats.

*Id.* at 681 (footnote omitted).

In *Twine*, we expressly recognized that, in order to review defendant's claims there, we needed to determine first whether § 876 required proof of specific intent. *Id.* at 679. After carefully reviewing all relevant prior precedents, we found that the question of whether § 876 required specific intent to threaten had not been resolved. *Id.* at 680–

---

1. In relevant part, § 876 makes it a crime to "knowingly [mail] ... any communication ... addressed to any other person and containing ... any threat to injure the person of the addressee or of another." 18 U.S.C. § 876 ¶ 3 (1994).

81 (discussing *Seeber v. United States,* 329 F.2d 572 (9th Cir.1964), *United States v. Levison,* 418 F.2d 624 (9th Cir.1969), and *United States v. Sirhan,* 504 F.2d 818 (9th Cir.1974)). We then concluded that requiring proof of specific intent to threaten under § 876 was more consistent with the statute and our precedents. *Id.* at 679–81 (citing *Roy v. United States,* 416 F.2d 874 (9th Cir.1969)). In so concluding, we explicitly recognized that our decision would create an apparent conflict with the Eleventh Circuit. *Id.* at 680 n. 3.

### B. Subsequent Cases Are Consistent With Twine

■ Despite *Twine's* careful analysis and clear holding, the district court concluded that *Twine* had been implicitly overruled by *United States v. Davis,* 876 F.2d 71 (9th Cir.1989), and that the "language of *Twine* [could not] be reconciled with the holdings of *Davis* and *Sirhan.*" *King,* 920 F.Supp. at 1080. The district court erred because (i) *Davis* did not address the issue confronted in *Twine* and therefore is not inconsistent with *Twine,* and (ii) only an *en banc* panel of this court can contradict *Twine's* explicit conclusion that *Sirhan* is in fact consistent with *Twine.*

In *Davis,* we held that the district court had (i) properly admitted testimony from the recipient of the threat to establish that the letter contained a "threat" under § 876, and (ii) correctly determined that § 876 does not require proof that the defendant expected the threats to gain him some concrete benefit. *Davis,* 876 F.2d at 73. Neither holding touches on the question we faced in *Twine* and, on that basis alone, it cannot be said that *Davis* is inconsistent with *Twine.*

Nonetheless, the government argues that *Davis* and *Twine* are inconsistent based on the following statement in *Davis:*

> Davis also argues that . . . the government failed to establish that Davis "reasonably anticipated that threatening two judges would get him released from prison." Appellant's Reply Brief at 4. Section 876 requires no such showing. "The only proof of specific intent required to support a conviction under 18 U.S.C. § 876 is that

the defendant knowingly deposits a threatening letter in the mails, not that he intended or was able to carry out the threat." *United States v. Chatman,* 584 F.2d 1358, 1361 (4th Cir.1978). *Accord United States v. Sirhan,* 504 F.2d 818, 819 (9th Cir.1974) (per curiam) (section 876 merely requires proof that (1) defendant wrote or mailed a letter containing a threat to injure a person and (2) knowingly caused the letter to be deposited in the mails).

*Id.* The passage on which the government relies cannot bear the weight the government would place on it. As noted above, *Davis* involved questions different from those addressed in *Twine.* The quoted passage merely responds to the defendant's argument that proof was required that he "reasonably anticipated" that the threats would get him released from prison. Therefore, the language in *Davis* cannot be interpreted to create an inconsistency with *Twine,* especially given that *Davis* does not even cite or mention *Twine.*

Our conclusion that the statements in *Davis* are not inconsistent with *Twine* is strengthened by the fact that the cases cited in *Davis* to support those statements were both reviewed in *Twine.* In *Twine,* we described *Chatman* as dealing merely with whether an intent to carry out the threat is an element of § 876, but not with whether § 876 requires specific intent to threaten:

> Our holding that specific intent to threaten and to transmit the threat are essential elements of the crimes defined by §§ 875(c) and 876 does not conflict or disagree with the clear pronouncements of other circuits that specific intent (or ability) to carry out the threat is not an essential element under these sections. *See . . . United States v. Chatman,* 584 F.2d 1358, 1360–61 (4th Cir.1978).

*Twine,* 853 F.2d at 681 n. 4.

Finally, we also expressly stated in *Twine* that *Sirhan* did not address whether § 876 required specific intent to threaten and that the issue therefore had not been resolved before. *Id.* at 680. Neither we, as a three-judge panel, nor the district court is free to

ignore *Twine*'s interpretation of *Sirhan* and its explicit determination that its ruling was consistent with *Sirhan*.[2]

### C. *Twine's Statements Are Not Dicta*

The government argues that our statements in *Twine* that § 876 requires specific intent to threaten are dicta because they were not necessary to decide the case. It contends that we could have based our decision in *Twine* solely on the fact that the district court had in fact examined the evidence of mental defect which Twine complained had not been properly reviewed by the court. We reject this argument. Our pronouncements in *Twine* that specific intent to threaten is required under § 876 are not dicta. The language of *Twine* itself militates against this reading. We characterized our conclusion as follows:

> Today *we hold* that the showing of intent to threaten, required by [the statute], is a showing of specific intent.

*Twine*, 853 F.2d at 680 (emphasis added). We could not have been more explicit.

Nonetheless, the government argues that our statements in *Twine* are dicta because, conceivably, we could have chosen a different path to resolve that case. Although it is true that we could have resolved *Twine* without addressing the "specific intent to threaten" issue, the fact is that we squarely decided to resolve that question. In doing so, we did not engage in an unnecessary or superfluous exercise. *Twine* is binding because, had we found that no specific intent to threaten was required to convict under § 876, it would have been unnecessary to resolve whether the defendant was entitled to have the court consider his evidence of diminished capacity as it affected his mental ability to form an intent to threaten (as opposed to an intent to mail). Our conclusion in *Twine* that § 876 requires specific intent to threaten, there-fore, far from being dicta, is *Twine*'s central holding.

**REVERSED** and **REMANDED**.[3]

·FARRIS, Circuit Judge, concurring:

I concur. I write separately to emphasize that I understand "specific intent," as used in both this opinion and *Twine*, to include the mental states of knowledge and purpose.

The *Twine* court stated that section 876's language required a level of culpability that exceeded "an objective standard of acceptable behavior (e.g., negligence, recklessness)," and therefore that section 876 defined a specific intent crime. *United States v. Twine*, 853 F.2d 676, 680 (9th Cir.1988). Thus, *Twine* holds that the specific intent requirement of section 876 includes those levels of culpability greater than negligence and recklessness, i.e. knowledge and purpose. *See id.; Model Penal Code*, § 2.02.

Further, section 876 prohibits "knowingly" · mailing a communication containing a threat to injure. When.a statute prescribes a level of culpability, that mens rea requirement applies to all other material elements, unless a contrary purpose plainly appears. Model Penal Code § 2.02(4); *see United States v. X–Citement Video*, 513 U.S. 64, 115 S.Ct. 464, 130 L.Ed.2d 372 (1994) (applying mental state adjacent to initial words to later clauses). "Knowingly" is the requisite level of culpability for the threat element of section 876, as Congress expressed no plainly contrary purpose.

---

**2.** We also reject the government's suggestion, apparently embraced by the district court, that *United States v. Orozco–Santillan*, 903 F.2d 1262 (9th Cir.1990), is inconsistent with *Twine*. In *Orozco*, we considered whether the government had shown that the statements made by the defendant there were threats under 18 U.S.C. § 115. The issue in *Orozco*—how to identify a "threat"—was different from the question at issue here (and in *Twine*) of whether specific intent to threaten is required. Under § 876, the government must prove both that the letter contained a threat and that defendant had a specific intent to threaten.        ·

**3.** Because King would be entitled to a new trial on remand, we do not need to consider the sentencing issues he raises on appeal.