141 F.3d 1182
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Vernon Peter SAUCY, Defendant-Appellant.
 No. 97-30126.
D.C. No. CR-96-00312-REJ.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 4, 1998.
Decided March 16, 1998.
 
 Appeal from the United States District Court for the District of Oregon Robert E. Jones, District Judge, Presiding.
 Before FERNANDEZ, RYMER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Vernon Saucy appeals his conviction on two counts of threatening to assault a federal law enforcement officer, and one count of mailing a threat to injure FBI personnel. See 18 U.S.C. §§ 115, 876. We affirm.
 
 
 3
 Saucy argues that his conduct does not come within the elements of the crimes in question. We disagree. On the facts of this case, we are satisfied that Saucy did issue "true threats," and that he actually intended them to be taken seriously, which they were. See United States v. Orozco-Santillan, 903 F.2d 1262, 1265 (9th Cir.1990); United States v. Gordon, 974 F.2d 1110, 1117-18 (9th Cir.1992); United States v. Davis, 876 F.2d 71, 73 (9th Cir.1989); see also United States v. Malik, 16 F.3d 45, 50 (2d Cir.1994); United States v. Roberts, 915 F.2d 889, 891 (4th Cir.1990). Moreover, those threats were hurled against federal law enforcement officers in Oregon while they were performing their official duties, as opposed to being engaged in non-official conduct. Finally, the threats were in retaliation for the performance of official duties by federal law enforcement officers which, as Saucy saw it, impinged upon his rights. Thus, the provisions of § 115 were satisfied. The provisions of § 876 were also satisfied for the same reasons, mutatis mutandis. So were the demands of the First Amendment to the United States Constitution. See Watts v. United States, 394 U.S. 705, 707-08, 89 S.Ct. 1399, 1401, 22 L.Ed.2d 664 (1969); cf. Lovell v. Poway Unified School District, 90 F.3d 367, 372-73 (9th Cir.1996).
 
 
 4
 AFFIRMED.
 
 
 5
 TASHIMA, C.J., dissenting.
 
 
 6
 I dissent.
 
 
 7
 The indictment charged threats against unnamed "personnel of the FBI" and the threatening letters themselves were addressed only to the "FBI." The statute, however, says it is a crime to threaten "a Federal law enforcement officer." 18 U.S.C. § 115(a)(1)(A). It does not say "a Federal law enforcement agency." Although the statute might be interpretable to cover a small, identifiable group of the listed individuals, it defies plain meaning to stretch it to cover the "FBI," a huge bureaucracy staffed by thousands of employees, many of whom are not "Federal law enforcement officers."
 
 
 8
 By its plain terms, the statute does not criminalize a threat against the FBI. Because the indictment does not charge a crime and because the evidence was insufficient to sustain a conviction under § 115, 1 would reverse.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3