**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Scott Lewis RENDELMAN,**
**Defendant—Appellant.**

No. 02–10004.

D.C. No. CR–99–00484–WBS.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 11, 2003.

Decided March 27, 2003.

**144**

Before LEAVY, RYMER, and PAEZ, Circuit Judges.

### MEMORANDUM *

Scott Lewis Rendelman appeals his conviction for five counts of issuing threats against the President in violation of 18 U.S.C. § 871. We affirm.

### I

■ Rendelman's letter to Judge Talmadge Jones does not implicate the Fourth Amendment because it was not marked "confidential" and therefore could be processed in the ordinary course as regular mail. We do not need to decide whether opening Rendelman's other letters violated his privacy rights, because they would inevitably have been discovered in any event. Rendelman argues that each of the addressees, as well as the Secret Service which receives threatening mail sent to the President, would not have taken the threats seriously enough to turn the letters over to law enforcement because they knew of Rendelman's penchant for writing threatening letters. However, the intended recipients were all government officials responsible for public safety; one was a deputy district attorney who had previously prosecuted Rendelman for writing threatening letters. By definition, these letters would have been discovered had they reached the intended recipients.

### II

Rendelman did not object to the testimony of Officer Eck at trial. We therefore review the admission of her testimony for plain error. *United States v. Houser*, 804 F.2d 565, 570 (9th Cir.1986).

■ The district court did not plainly err in receiving Eck's testimony that she took Rendelman's letters to Captain Terry Hines and District Attorney Hillary Bagley seriously, including Rendelman's threats to kill the President. Rendelman recognizes that the reaction of a listener (or, in this case, reader) is relevant to the issue of whether the threat is serious, *see, e.g., United States v. Mitchell*, 812 F.2d 1250, 1255 (9th Cir.1987) (noting that agents who heard the statements about killing the President took them "quite seriously") and *United States v. Davis*, 876 F.2d 71, 73 (9th Cir.1989) (noting that evidence of Judge Fong's state of mind as well as his actions in response to the letter were "highly relevant" to establish whether the letter could reasonably be read as containing a threat of injury), but contends that the reaction of an interceptor, especially of a law enforcement official, is not. For this he relies on *United States v. Hanna*, 293 F.3d 1080 (9th Cir.2002). Unlike *Hanna*, the communications here were not ambiguous, Eck did not testify as an expert, and she offered no opinion on whether the communications were a true threat. Thus, even if there were error, it was neither obvious nor prejudicial. *See United States v. Olano*, 507 U.S. 725, 732–35, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

### III

■ The court did not abuse its discretion in refusing to allow Rendelman to ask

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

two intended recipients about what reaction they would have had if they had actually received the letters addressed to them because the queries could have elicited only speculation. Rendelman was allowed to inquire about the context and circumstances of the recipients' prior experience with his threatening communications.

The court also did not err in declining to allow Rendelman to reopen the proceedings in order to reintroduce records of the Secret Service. *Cf. United States v. Merrill,* 746 F.2d 458, 464–65 (9th Cir. 1984) (district court excluded request for production of Secret Service documents concerning him). The documents were hearsay, dated, and of no probative value because the defendant's actual ability to carry out a threat is irrelevant. *Mitchell,* 812 F.2d at 1256.

AFFIRMED.