**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Joe Marion MANN, Defendant— Appellant.**

**No. 04–30116.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2005.*

Decided Feb. 18, 2005.

Frank Noonan, Esq., USPO—Office of the U.S. Attorney Mark O. Hatfield, U.S. Courthouse, Portland, OR, for Plaintiff– Appellee.

Marc D. Blackman, Esq., Portland, OR, for Defendant–Appellant.

Before: FERNANDEZ, GRABER, and GOULD, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Joe Marion Mann appeals from his conviction, after a bench trial, for mailing threatening communications, in violation of 18 U.S.C. § 876. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Mann contends that there was insufficient evidence to prove that his letter constituted a true threat. We disagree.

A statement constitutes a true threat if "a reasonable person would foresee that the statement would be interpreted by those to whom the maker communicates the statement as a serious expression of intent to harm." *See United States v. Orozco–Santillan,* 903 F.2d 1262, 1265 (9th Cir.1990). In the present case there was ample evidence from which a factfinder could have concluded that a reasonable recipient of Mann's letter would have interpreted it as a serious expression of intent to inflict harm. *See id.* at 1265–66.

Mann next contends that there was insufficient proof of his specific intent to threaten. We are not persuaded. Judging the evidence in the light most favorable to the prosecution, a reasonable factfinder could have found that Mann intended to communicate a threat by means of his February 26, 2003 letter. *See United States v. King,* 122 F.3d 808, 809–10 (9th Cir.1997).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.