**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50227 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-05155-LAB-1 |
| v. | |
| ERIC ANTHONY LOPEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted April 8, 2014
Pasadena, California

Before: THOMAS, M. SMITH, and CHRISTEN, Circuit Judges.

Eric Anthony Lopez ("Lopez") appeals from his jury conviction for

knowingly causing to be delivered a communication containing a threat to injure,

in violation of 18 U.S.C. § 876(c). We have jurisdiction pursuant to 28 U.S.C. §

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1291, and we affirm. Because the parties are familiar with the history of the case, we will not recount it here.

I

Lopez contends that the district court erroneously denied his pretrial motion to dismiss in which he argued that the indictment was fatally deficient because the indictment failed to allege specific intent. We review the sufficiency of an indictment de novo. *United States v. Awad*, 551 F.3d 930, 935 (9th Cir. 2009).

"An indictment is sufficient if it contains the elements of the charged crime in adequate detail to inform the defendant of the charge and to enable him to plead double jeopardy." *Awad*, 551 F.3d at 935 (internal quotation marks omitted). "[A]n indictment's complete failure to recite an essential element of the charged offense is . . . a fatal flaw requiring dismissal of the indictment." *United States v. Du Bo*, 186 F.3d 1177, 1179 (9th Cir. 1999). Whereas, "challenges to minor or technical deficiencies, even where the errors are related to an element of the offense charged and even where the challenges are timely, are amenable to harmless error review." *Id.* at 1180. "The test for sufficiency of the indictment is not whether it could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards." *Awad*, 551 F.3d at 935.

Under the statutory text of § 876(c), "[t]he two elements of the crime of mailing a threat to injure are that (1) the defendant's letter contained a threat to injure and (2) that the defendant knowingly caused the threatening letter to be deposited in the mail." *United States v. De La Fuente*, 353 F.3d 766, 770 (9th Cir. 2003). The indictment tracked this statutory language.

In *United States v. Twine*, 853 F.2d 676, 679–81 (9th Cir. 1988), we determined that § 876 requires that the government also prove the specific intent to threaten. *See also United States v. King*, 122 F.3d 808, 809 (9th Cir. 1997). Thus, "[u]nder § 876, the government must prove both that the letter contained a threat and that defendant had a specific intent to threaten." *Id.* at 811 n.2. Given *Twine*, we must determine whether the indictment was adequately pled and, if not, whether the language used in the indictment was a "technical flaw subject to harmless error analysis." *Du Bo*, 186 F.3d at 1179. In conducting our review, we must be mindful that "an indictment should be read in its entirety, construed according to common sense, and interpreted to include facts which are necessarily implied." *United States v. Berger*, 473 F.3d 1080, 1103 (9th Cir. 2007) (internal quotation marks omitted). Thus, in addition to examining the plain words of the indictment, we must determine whether it alleged facts from which a subjective intent to threaten could be necessarily implied.

The indictment tracked the statutory language and provided that Lopez's communication contained a threat to injure Judge Gonzalez "by dispersing Anthrax, a biological weapon." This language necessarily implies that Lopez intended to threaten Judge Gonzalez. It necessarily implies that Lopez's act was not "because of mistake, inadvertence, or other innocent reason." *Twine*, 853 F.2d at 680; *accord King*, 122 F.3d at 811 (Farris, J., concurring) ("the specific intent requirement of section 876 includes those levels of culpability greater than negligence and recklessness, i.e. knowledge and purpose"). Because specific intent could be implied by the language, we then determine whether or not the deficiency in failing to plead specific intent directly was harmless. The district court properly instructed the jury on both specific intent and "true threat" in addition to the two statutory elements, and the record as a whole, particularly the letter itself, reveals Lopez's specific intent to threaten. As the district court correctly pointed out at trial, there was no possibility that the defense was misled by the wording of the indictment as to what criminal acts were charged. Therefore, we conclude that any error in the wording of the indictment was harmless.

II

The district court did not constructively amend the indictment or allow a fatal variance, as Lopez claims. A constructive amendment of an indictment occurs "where (1) there is a complex of facts presented at trial distinctly different from those set forth in the charging instrument, or (2) the crime charged in the indictment was substantially altered at trial, so that it was impossible to know whether the grand jury would have indicted for the crime actually proved." *United States v. Adamson*, 291 F.3d 606, 615 (9th Cir. 2002) (internal alterations and quotation marks omitted).

Here, in denying defense counsel's objections, the district court contemplated that anthrax was not the government's only threat theory. However, aside from the government's request that the jury read the entire letter, the evidence presented at trial overwhelmingly focused on anthrax. Thus, there was not a complex of facts presented at trial that was distinctly different from those set forth in the indictment; the evidence at trial proved the same crime alleged in the indictment. Additionally, because the jury primarily heard testimony and arguments about anthrax, and because anthrax is the only specific threat in the letter, the crime charged in the indictment was not substantially altered at trial; the grand jury indicted for the crime actually proved. Moreover, the only evidence

5

presented of the threat to injure was the letter, and although the letter could be interpreted to contain additional threats, the government did not present evidence of any threats outside the letter.

Likewise, there was no fatal variance. "A variance occurs where the facts presented at trial materially differ from those alleged in the indictment." *United States v. Doss*, 630 F.3d 1181, 1191 (9th Cir. 2011). The evidence presented at trial proved the same facts alleged in the indictment. Therefore, it did not affect Lopez's substantial rights. Lopez argues that the divergence between the indictment and jury instructions misled him and obstructed his defense at trial because he focused on whether anthrax could be considered a true threat. However, his defense directly related to the government's case where the government only presented evidence as to anthrax.

For these reasons, we conclude that the indictment was not constructively amended, nor did the court fatally vary from it in fashioning the instructions.

### III

The district court properly concluded that there was sufficient evidence to prove that the letter was delivered within the statute of limitations. The district court reasoned that the statute commenced running when the letter was delivered to the intended address, not when it was placed in the mail. The the text of § 876(c)

6

allows for either "knowingly so deposits" or "knowingly causes to be delivered." The indictment here charged Lopez with the latter, and therefore the crime here was not complete until delivery. The jury made a special finding that the letter was delivered on or after December 28, 2005, placing the crime within the applicable statute of limitations. The finding is supported by the record.

**AFFIRMED.**