**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10184 |
| Plaintiff-Appellee, | D.C. No. 1:18-cr-00034-DAD-BAM-1 |
| v. | |
| CYRUS D.A. BRASWELL, AKA Cyrus Dennis Braswell, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted May 10, 2021**
San Francisco, California

Before: WALLACE and COLLINS, Circuit Judges, and RAKOFF,*** District Judge.

Cyrus Braswell has been a federal prisoner since 1997. While incarcerated,

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*        The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

Braswell mailed three threatening letters from the Federal Correction Institute, Mendota (FCI Mendota) to Alaska in October 2015, December 2015, and August 2016. In the letters, he threatened to murder the federal judge who sentenced him in 1998. Braswell was charged in a superseding indictment in the Eastern District of California with three counts of mailing threatening communications. Braswell insisted on proceeding *pro se*, and he unsuccessfully litigated numerous procedural and substantive challenges to the proceedings. Braswell went to trial but refused to participate. The jury found Braswell guilty on all three counts. Braswell appeals from his conviction. He asserts multiple Sixth Amendment errors, as well as argues that the district court abused its discretion when it denied his request to obtain and present witnesses and evidence to attack his underlying conviction.

We have jurisdiction pursuant to 28 U.S.C. §1291. We review Sixth Amendment claims *de novo*. *See United States v. Yazzie*, 743 F.3d 1278, 1288 (9th Cir. 2014) (citation omitted); *see also United States v. Mendez-Sanchez*, 563 F.3d 935, 944 (9th Cir. 2009) ("Whether a defendant knowingly and voluntarily waives his Sixth Amendment right to counsel is a mixed question of law and fact reviewed *de novo*") (citation omitted). We also review venue issues de novo. *United States v. Lee*, 472 F.3d 638, 641 (9th Cir. 2006) (citation omitted). Finally, we review the district court's evidentiary rulings for abuse of discretion and "uphold them unless they are illogical, implausible, or without support in inferences that may be drawn

from the facts in the record." *United States v. Perez*, 962 F.3d 420, 434 (9th Cir. 2020) (citation omitted). We affirm the district court and uphold Braswell's conviction.

## I.

Braswell was convicted in the District of Alaska in 1997 of various counts related to his drug trafficking enterprise and money laundering activity. Braswell was sentenced in 1998, and he was eventually detained in FCI Mendota in the Eastern District of California. From October 2015 through August 2016, Braswell mailed three threatening letters from FCI Mendota to the federal district court in Alaska, in which he threatened to murder the federal judge who sentenced him in 1998.

Braswell was charged in a superseding indictment with three counts of mailing threatening communications, in violation of 18 U.S.C. § 876(c). Braswell decided to proceed *pro se*. Braswell challenged the indictment and the procedural process of the criminal charges on various grounds, as well as the substantive charges and his underlying conviction. He alleged that the grand jury venire was racially biased due to the removal of Black jurors, improper venue, and undue delay in presentment on the initial indictment. Braswell also insisted that he was denied the assistance of counsel during pretrial preparation — even though he decided to proceed without counsel, as well as demanded that he be able to attack his underlying

criminal conviction to present his defenses of false imprisonment and false arrest. The district court denied Braswell's motions as irrelevant, factually unsupported, conclusory, or repetitive.

Braswell proceeded to trial. Yet he refused to participate because he mistakenly believed that he could not preserve appellate issues if he took part, despite clarification from the district court. Braswell declined to participate in *voir dire*, but he was present. Braswell did not cross-examine government witnesses, despite prompting from the district court, and he refused to present a defense since his preferred defenses were not permitted. The jury found Braswell guilty on all three counts. Braswell was sentenced to 97 months incarceration on each count to run concurrently to each other, and with all counts running consecutive to the remaining time on his underlying sentence.

## II.

First, Braswell contends that neither his grand jury nor his jury reflected a fair cross-section of the community. Braswell bears the burden to prove that: (1) the group allegedly excluded is a "distinctive group;" (2) the group's representation in venires is "not fair and reasonable" compared to its community representation; and (3) "this underrepresentation is due to systematic exclusion." *United States v. Cannady*, 54 F.3d 544, 546–47 (9th Cir. 1995) (citation and quotation marks omitted); *see also Duren v. Mississippi*, 439 U.S. 357, 364 (1979). However, he

4

failed to present statistical data or evidence to support his conclusory claims. *See United States v. Esquivel*, 88 F.3d 722, 726 (9th Cir. 1996) (holding that the second prong "requires proof, typically statistical data").

Second, Braswell maintains that the Eastern District of California was not the proper venue for his prosecution. Braswell's threatening letters were mailed to Alaska through FCI Mendota, which is in the Eastern District of California. Braswell admits that the letters were mailed from FCI Mendota. Regardless, he implies that he should have been charged in Alaska, where the letters were received, or in Indiana because he was detained there when he was indicted. This argument is without support. *See* 18 U.S.C. § 3237(a) (For "[a]ny offense involving the use of the mails," venue is proper in "any district *from*, through, or into which such . . . mail matter . . . moves." (emphasis added)).

Third, Braswell declares that his confrontation rights were violated because he did not cross-examine the witnesses against him in light of what he claims was the district court's ruling that if he participated in the trial, he would be waiving his right to appeal the court's earlier orders denying discovery concerning his false-imprisonment defense. The Sixth Amendment guarantees the accused the right "to be confronted with the witnesses against him," including "the right of effective cross-examination." *United States v. Larson*, 495 F.3d 1094, 1102 (9th Cir. 2007). Nevertheless, a defendant must at least attempt to use these rights if they are to be

preserved. The record belies Braswell's contention that the court led him to believe that he would forfeit his appellate rights if he participated in the trial. At trial, the district court repeatedly and clearly explained that Braswell's belief was wrong and that he could both fully participate in the trial and preserve the issues he wished to raise on appeal. Braswell's confrontation rights, therefore, were not violated because he chose not to cross-examine government witnesses as a strategic choice to preserve his appellate rights and, arguably, to create appellate issues. The district court explicitly held that Braswell "knowingly [and] intelligently" made a "strategic decision" not to participate in his own trial.

Fourth, Braswell argues that his right to the assistance of counsel was violated. This argument goes against the record. The Sixth Amendment gives defendants the right to represent themselves. *See Faretta v. California*, 422 U.S. 806, 819 (1975). Braswell explicitly waived his right to counsel, invoked his right to self-representation, and rejected assistance from the Federal Defender's Office throughout pretrial and trial proceedings, including the assistance of standby counsel. Braswell relies on *Milton v. Morris*, 767 F.2d 1443 (9th Cir. 1985), to assert that he was entitled to proceed *pro se* while still receiving the degree of legal assistance he requested. This is a misreading of *Milton*, which stands for the proposition that incarcerated *pro se* defendants must have access to legal research resources or other means of preparing his defense. *Id.* at 1446. Instead, Braswell

6

demanded to proceed *pro se* while still having full access to the resources of the Federal Defender's Office. *Milton* does not require partial representation, and Braswell has not provided any legal support for his argument.

Finally, Braswell asserts that he did not receive a fair trial because he could not present evidence or argument to support his preferred defenses: false imprisonment and false arrest. The district court was correct to hold that these proposed defenses were irrelevant to the charged conduct. *See United States v. Perdomo-Espana*, 522 F.3d 983, 987 (9th Cir. 2008) ("[W]here the evidence, even if believed, does not establish all of the elements of a defense, . . . the trial judge need not submit the defense to the jury") (alteration in original) (citation omitted); *see also United States v. Sirhan*, 504 F.2d 818, 819 (9th Cir. 1974) (discussing the elements to prove the mailing of threatening communications); Fed. R. Evid. 401.

The district court explained to Braswell that he was entitled to a defense supported by the facts, the evidence, and the law, but Braswell failed to provide support for his argument and refused to present any other defense. We also agree with the district court that it would have been confusing to the jury and caused undue delay to permit Braswell essentially to relitigate his underlying conviction. *See* Fed. R. Evid. 403. As a result, the district court did not abuse its discretion when it denied discovery concerning, or subpoenas for, witnesses and documents related to his collateral attack of his underlying conviction.

7

In the end, we hold that Braswell's Sixth Amendment rights were not violated because he had a fair trial in the proper venue, he chose not to cross-examine the government witnesses, and he decided to represent himself after being advised by the district court of the consequences despite the provision of stand-by counsel. We also hold that the district court did not abuse its discretion when it did not permit Braswell to present the irrelevant defenses of false imprisonment and false arrest as an attempt to relitigate his underlying criminal conviction.

**AFFIRMED**.