**UNITED STATES of America,
Plaintiff,**

v.

**Troy COVERSTONE, Defendant.**

**No. CR 00–79–BR.**

United States District Court,
D. Oregon.

March 7, 2001.

Kristine Olson, United States Attorney, Frank Noonan, Assistant United States Attorney, Portland, OR, for Plaintiff.

Michael A. Greenlick, Borg, Strom & Greenlick, Portland, OR, for Defendant.

**OPINION AND ORDER**

BROWN, District Judge.

This action comes before the Court on Defendant's oral Motion for Judgment of Acquittal on Count Four of the Indictment. For the following reasons, the Court DENIES that Motion.

## PROCEDURAL BACKGROUND

### A. The Indictment

The Indictment charges Defendant with seven counts of violating 18 U.S.C. § 875(c) by willfully transmitting an interstate telephone communication that contained a threat to injure the person of another.[1] This case presents the novel question whether Defendant violated the statute when he made a telephone call that included a threat to injure a person who, unbeknownst to the recipient of the telephone call, did not exist.

### B. Defendant's Oral Motion for Judgment of Acquittal

In a November 21, 2000, conference, the parties stated their intent to try one count of the Indictment to the Court on stipulated facts. That trial took place on December 15, 2000, when Defendant waived his right to trial by jury and submitted to trial by the Court upon a stipulated fact statement as to Count Four of the Indictment. In Count Four, the government alleges:

> That on or about December 1, 1999, in the District of Oregon, TROY COVERSTONE, defendant herein, willfully and knowingly did transmit in interstate commerce from the State of Oregon to the State of Nebraska, a telephone communication to Ann Schipper, telephone communication contained a threat to injure the person of another, that is, to physically and sexually assault a female child; all in violation of Title 18, United States Code, Section 875(c).

The government rested after the Court received the stipulated facts. Defendant then moved for a judgment of acquittal. The parties later submitted briefs addressing Defendant's motion.

### C. The Stipulated Facts

The parties agree to the following facts:

On December 1, 1999, defendant Troy Coverstone placed a call to Ann M. Schippr [sic] at MidWest Concepts Corporation. Ms. Schipper received the call at MidWest Concepts, 7602 Park Drive, Rawlston, Nebraska, on her office telephone (800) 850–6888. Defendant made the call from the District of Oregon on cell phone (602) 697–8767.

During the telephone conversation defendant advised Ms. Schipper that one of her employee's daughter was with him and that he was going to hurt her. Defendant instructed Ms. Schipper not to terminate the telephone conversation if she wanted the girl to live. He further advised Ms. Schipper that he intended to sexually assault the girl. Defendant then engaged Ms. Schipper in questions about her own personal sexual history.

The telephone conversation between defendant and Ms. Schipper continued for approximately 15 minutes during which time defendant advised Ms. Schipper that the call was not a practical joke and that if she did not continue the conversation he would harm the little girl.

Subsequent investigation in this matter has established that at the time of the call to Ms. Schipper, defendant did not have a female child in his custody. The child referred to did not exist. See also reports 1 and 2 which are included as a part of this Stipulation of Facts.

During the above telephone conversation, Ms. Schipper notified her supervisors of the call while defendant was still speaking to her. Those supervisors not-

---

**1.** In the Indictment, the government also alleges Defendant violated 47 U.S.C. § 223(a)(1)(C) by willfully making interstate telephone calls without disclosing his identity with the intent to annoy, harass, and threaten the recipients of the telephone calls. Those harassment charges are not presently before the Court.

ed that Ms. Schipper appeared extremely frightened and "panic-stricken."

## ANALYSIS

### A. Standard for Motion for Judgment of Acquittal

Defendant moves for a judgment of acquittal on the ground the government has not proved all the elements of the charged offense. Fed.R.Crim.P. 29(a) provides in relevant part:

> The court on motion of a defendant or of its own motion shall order the entry of judgment of acquittal of one or more offenses charged in the indictment or information after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses.

The court must review the evidence in the light most favorable to the government to determine whether any rational factfinder could find the essential elements of the crime beyond a reasonable doubt. *United States v. Ruiz-Lopez*, 234 F.3d 445, 448 (9th Cir.2000), *as amended* (2001).

### B. Defendant Is Not Entitled to a Judgment of Acquittal

In Count Four of the Indictment, the government alleges Defendant violated 18 U.S.C. § 875(c), which provides:

> (c) Whoever transmits in interstate or foreign commerce any communication containing any threat to kidnap any person or any threat to injure the person of another, shall be fined under this title or imprisoned not more than five years, or both.

The issue in this case is whether the "threat to injure the person of another" must be a threat to injure an existing person.

Defendant contends the statutory language, which criminalizes threats "to injure the person of another," requires the government to prove "the person of another" actually exists. In Defendant's view, the reality of "the person of another" is one of the essential elements of the offense the government must prove. Defendant concludes he did not violate 18 U.S.C. § 875(c) because the government concedes the girl who Defendant threatened to harm did not exist.

The government disagrees and argues it has proved the only two elements of the offense: 1) Defendant made a threatening interstate telephone call, and 2) Defendant specifically intended to make a threat. According to the government, it is not required to show Defendant threatened an actual "person."

▬ The Court agrees with the government. Although 18 U.S.C. § 875 describes a "specific intent" crime, the government is required to prove only that Defendant knowingly made a threatening interstate telephone call, "not that he intended or was able to carry out the threat." *See United States v. Davis*, 876 F.2d 71, 73 (9th Cir.), *cert. denied*, 493 U.S. 866, 110 S.Ct. 188, 107 L.Ed.2d 143 (1989) (quoting *United States v. Chatman*, 584 F.2d 1358, 1361 (4th Cir.1978)).[2] *See also United States v. Sirhan*, 504 F.2d 818, 819 (9th Cir.1974) (a conviction under 18 U.S.C. § 876 requires proof of only two elements: "First, the defendant must have written and mailed a letter (or other communication) containing a threat to injure another person. Secondly, he must have knowingly caused the letter to be deposited in the mails."). In this case, the government could not prove Defendant had the intent or ability to carry out his threat

2. The *Davis* defendant was charged with violating 18 U.S.C. § 876, which prohibits making threatening communications by mail.

The Ninth Circuit interprets Sections 875(c) and 876 similarly. *See United States v. Twine*, 853 F.2d 676, 679–80 (9th Cir.1988).

**1234**

against the young girl because that girl did not exist. Under *Davis*, however, the child's fictional nature has no significance.

A rational factfinder could conclude beyond a reasonable doubt from the stipulated facts that Defendant knowingly placed an interstate telephone call that contained a threat to injure the person of another, and that Defendant specifically intended that the telephone call convey that threat. Nothing more is required. The Court, therefore, denies Defendant's Motion for Judgment of Acquittal.

### CONCLUSION

The Court **DENIES** Defendant's oral Motion for Judgment of Acquittal.

IT IS SO ORDERED.