NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 6 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10056 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 3:21-cr-08043-DJH-1 |
| STEVEN ARTHUR MARTIS, AKA Steven A Martis, | MEMORANDUM* |
| Defendant-Appellant. |  |

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Argued and Submitted February 13, 2024
University of Arizona, Tucson

Before: HAWKINS, HURWITZ, and DESAI, Circuit Judges.

Steven Arthur Martis appeals his conviction for one count of transmitting

threatening communications via interstate commerce to then Speaker of the House

Nancy Pelosi in violation of 18 U.S.C. § 875(c). We have jurisdiction under 28

U.S.C. § 1291. We review evidentiary rulings for an abuse of discretion and uphold

them "unless they are illogical, implausible, or without support in inferences that

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

may be drawn from the facts in the record." *United States v. Perez*, 962 F.3d 420, 434 (9th Cir. 2020) (quoting *United States v. Gadson*, 763 F.3d 1189, 1199 (9th Cir. 2014)). When no objection is made below, we review for plain error. *United States v. Wells*, 879 F.3d 900, 925 (9th Cir. 2018). When addressing a First Amendment claim, we independently review "the whole record in order to make sure that the judgment does not constitute a forbidden intrusion on the field of free expression." *United States v. Hanna*, 293 F.3d 1080, 1088 (9th Cir. 2002) (quoting *Bose Corp. v. Consumers Union of U.S., Inc.*, 466 U.S. 485, 499 (1984)). We affirm.

1. Martis claims that the use of voicemails at trial relating to dismissed counts was prejudicial and irrelevant propensity evidence under Federal Rule of Evidence 404(b). Because Martis failed to object to the introduction of voicemails at trial, we review for plain error. *United States v. Perez*, 116 F.3d 840, 845 (9th Cir. 1997) (en banc) (citing *United States v. Olano*, 507 U.S. 725, 733 (1993)). We find none. Martis's claim fails because the voicemails are inextricably intertwined with the charged offenses. *United States v. Williams*, 989 F.2d 1061, 1070 (9th Cir. 1993); *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012 (9th Cir. 1995).

2. Martis also argues that the district court violated the rule of completeness, Fed. R. Evid. 106, by denying his motion to introduce additional excerpts from his

FBI interview to supplement the excerpts introduced by the government.[1] Because the government's excerpts are not misleading and do not distort the meaning of Martis's statements, the district court did not abuse its discretion by denying Martis's request to admit supplemental excerpts. *United States v. Dorrell*, 758 F.2d 427, 435 (9th Cir. 1985) (excluding portions of confession that did not "change the meaning of the portions of [the] confession submitted to the jury"); *see also United States v. Vallejos*, 742 F.3d 902, 905 (9th Cir. 2014) (affirming exclusion of confession to remove details meant to "humanize" defendant, which were irrelevant to confession of the crime).

3. Next, Martis argues that the district court improperly admitted testimony from legislative aides and Special Agent Sean Wilson because it was irrelevant, prejudicial and exceeded the bounds of permissible lay testimony under Federal Rule of Evidence 701. The legislative aides were permitted to testify about their personal knowledge of the voicemails, not about any purported specialized knowledge about threats, and thus, the district court did not abuse its discretion by allowing their testimony. Fed. R. Evid. 701(c); *United States v. Figueroa-Lopez*, 125 F.3d 1241, 1246 (9th Cir. 1997). Nor was it an abuse of discretion to allow the aides to testify

---

[1] Martis forfeited any claim regarding the admissibility of his FBI statements alleging he was intoxicated at the time he left the voicemails because he never sought to introduce the excerpts of that testimony at trial. But even if he had preserved this claim, any error was harmless. *United States v. Lopez*, 4 F.4th 706, 718 (9th Cir. 2021).

about their emotional responses to Martis's phone calls because "[e]vidence of the recipient's state of mind, as well as his actions taken in response . . . are highly relevant in establishing" whether a statement could reasonably be read as containing a threat of injury. *United States v. Davis*, 876 F.2d 71, 73 (9th Cir. 1989) (citing *United States v. Reynolds*, 532 F.2d 1150, 1155 (7th Cir. 1976), *overruled on other grounds by United States v. Johnson*, 965 F.2d 460 (7th Cir. 1992)); *United States v. Bagdasarian*, 652 F.3d 1113, 1119 (9th Cir. 2011).

Furthermore, the district court did not plainly err by permitting Agent Wilson to testify about Martis's threats because the agent's testimony was based on his "general knowledge of the investigation" as a lay witness rather than any specialized knowledge. *See United States v. Freeman*, 498 F.3d 893, 902 (9th Cir. 2007); *United States v. Reed*, 575 F.3d 900, 922 (9th Cir. 2009); *United States v. Beckman*, 298 F.3d 788, 795 (9th Cir. 2002).

4. On appeal, Martis argues that the district court plainly erred by failing to instruct the jury on the objective definition of a true threat. But this claim is waived. Martis himself requested, over the government's objection, that the district court not instruct the jury on an objective definition, and the district court adopted the instruction to which Martis stipulated. *Perez*, 116 F.3d at 845 ("Forfeiture is the failure to make a timely assertion of a right, whereas waiver is the 'intentional relinquishment or abandonment of a known right.' Forfeited rights are reviewable

4

for plain error, while waived rights are not.") (quoting *Olano*, 507 U.S. at 733); *e.g.*, *United States v. Baldwin*, 987 F.2d 1432, 1437 (9th Cir. 1993) ("Where the defendant himself proposes the jury instruction he later challenges on appeal, we deny review under the invited error doctrine.").

5. Finally, Martis argues that his statements in the recorded voicemails to Speaker Pelosi are protected by the First Amendment. They are not. Assuming without deciding that proof of both a subjective and objective definition of a true threat is required for a conviction under § 875(c), Martis's statements meet both definitions.

A statement is subjectively threatening when the speaker is "aware that others could regard his statements as threatening violence and delive[r] them anyway." *Counterman v. Colorado*, 600 U.S. 66, 98 (2023) (Sotomayor, J., concurring). Here, FBI agents warned Martis that his prior statements to public officials were threatening, and he said he understood, but he nonetheless again threatened to kill Speaker Pelosi. *United States v. Bachmeier*, 8 F.4th 1059, 1065 (9th Cir. 2021) (referencing defendant "reiterat[ing] his original threat"). This meets the subjective definition.

Martis's statements were also objectively threatening. The statements, "I'm coming to kill you" and "You're dead," "can reasonably be interpreted as a serious expression of intent to harm or assault the target." *See United States v. Stewart*, 420

F.3d 1007, 1018–19 (9th Cir. 2005); *United States v. Orozco-Santillan*, 903 F.2d 1262, 1265–66 (9th Cir. 1990). Thus, Martis's statements constitute a true threat unprotected by the First Amendment.

**AFFIRMED.**